◼ In the Matter of CHARLES K. COVEL, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner, a school custodian, slipped on the floor he was dust mopping. In an attempt to avoid falling, he injured his back. The pain was such that five minutes later he stopped working. He was subsequently hospitalized and has since continuously received medical treatment. His application for accidental disability retirement benefits was denied upon the ground that he had not sustained an injury as a result of an accident within the meaning of section 63 (subd a, par 2) of the Retirement and Social Security Law. It is now well settled that if back injuries are sustained during the performance of an employee's regular duties and result from risks inherent in the task being performed, the Comptroller's determination denying the employee accidental disability retirement benefits will be upheld (see *Matter of Anguish v Regan,* 80 AD2d 695, and cases cited therein). Here, petitioner slipped on oil he regularly and intentionally applied to the floor earlier and which he knew to be slippery. There is thus substantial evidence to sustain the Comptroller's finding that petitioner's injury was caused by a risk inherent in the performance of his routine duties, and hence what occurred was not an accident within the ambit of the statute. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.