■ In the Matter of EUGENE VALENTIN, et al., on Behalf of Himself and All Other Sanitation Men Employed by the City of New York, Similarly Situated, Respondents, v BOARD OF TRUSTEES OF THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants. — Judgment of the Supreme Court, New York County (Asch, J.), entered January 7, 1982, which granted the applications of the petitioners-respondents, sanitation men employed by the City of New York, to the extent of remanding to the Trustees of the New York City Employees' Retirement System (Trustees) for further proceedings, reversed, on the law, and the petition dismissed, without costs. The petitioners, New York City sanitation men, are applicants for accident disability retirement who suffered on-the-job injuries as a result of lifting trash cans and other heavy weight. The injuries all occurred prior to January 1, 1980. There is no question raised about the disability, and the only issue is whether it should be classed as an accidental injury within the meaning of the pension statute. On September 5, 1980, the Trustees adopted the following resolution: " 'An injury sustained by a City employee *while performing his or her regular and usual duties or work activities,* without the intervention of an external, unexpected and unusual fortuitous event proximately causing the injury is not an Accident nor an Accidental injury within the meaning of the pension statutes.' " (Emphasis added.) There was no evidence with respect to these injuries of any external event. The applications were denied and the applicants commenced this proceeding alleging that the Trustees had exceeded their powers in promulgating the resolution afore-mentioned and that its medical board had erred in applying it. Special Term remanded the matter to the Trustees for further proceedings, directing that the resolution not be applied retroactively. In the interim, the Court of Appeals decided *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N. Y., Art. II* (85 AD2d 931, revd 57 NY2d 1010), coming to substantially the same conclusion as the

resolution. In view of the Court of Appeals decision, it cannot be said that the Trustees retroactively imposed a new definition of the term "accident" or that their determinations lacked a rational basis. Accordingly, the determination at Special Term should be reversed and the petition dismissed. Concur — Kupferman, J. P., Sandler, Carro and Fein, JJ.