■ In the Matter of CHARLES ARCHUL, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1B PENSION FUND, by CHARLES J. HYNES, as Chairman, et al., Appellants. — Order and judgment (one paper) entered November 18, 1981 in Supreme Court, New York County (Stecher, J.), granting respondent's CPLR article 78 petition and remanding the matter to the board of trustees of the pension fund for reconsideration, unanimously reversed, on the law and on the facts, and the petition is

dismissed, without costs. From June of 1951 until July of 1977 petitioner was a New York City fireman. He sustained line-of-duty injuries in 1953, 1954, 1961 and 1974, but none of the medical records pertaining to these injuries disclosed any problems with his back, or even related injuries which could be seen as causally connected. The medical board has reviewed this matter numerous times and was not persuaded by contrary medical opinion that his back problems now were caused by the earlier accidents. Since the burden of proof as to causality is upon petitioner, there is no presumption in his favor which the board must overcome. We are satisfied that, upon the record, the board could reasonably find that petitioner's back injuries were not caused by line-of-duty injuries. Thus, the grant of only an ordinary disability pension by the board of trustees was not arbitrary or capricious. (See *Matter of Scotto v Board of Trustees of Police Pension Fund of City of N. Y., Art. II,* 76 AD2d 774, 776, affd 54 NY2d 918.) Concur — Murphy, P. J., Sandler, Ross, Carro and Alexander, JJ.