■ In the Matter of ROBERT MEYER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. On March 8, 1978, petitioner, while on duty as a police officer, slipped on the ice outside the station house as he was about to get into his patrol car. He grabbed the top of the car door to break his fall and, in so doing, he injured his back. The Comptroller denied petitioner's application for accidental disability retirement benefits on the ground that petitioner's injury was not the result of an accident within the meaning of section 363 of the Retirement and Social Security Law. We confirm. It is well settled that "if back injuries are sustained during the performance of an employee's regular duties and result from risks inherent in the task being performed", the denial of benefits by the Comptroller will be upheld on the ground that the injuries were not caused by an "accident" within the ambit of the Retirement and Social Security Law (*Matter of Covel v New York State Employees' Retirement System*, 84 AD2d 902, mot for lv to app den 55 NY2d 606; *Matter of Anguish v Regan*, 80 AD2d 695). The record here supports the determination that petitioner's injury was incurred while he was performing his routine duties. He testified that his duties as a police officer included "patrol work, which meant driving an automobile on a local post". Obviously, getting into and out of the patrol car in all types of weather conditions was a routine part of petitioner's job. Accordingly, the injury sustained while performing this part of his ordinary duties does not constitute an accident under section 363. Since the Comptroller's determination of this factual issue is based on substantial evidence, it must be confirmed (*Matter of Clair v Regan*, 89 AD2d 663, 664, mot for lv to app den 57 NY2d 608). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.

# (January 16, 1984)

■ SPORTSMEN'S PARK, INC., Doing Business as ASTORIA HOTEL & CAFE & DERBY RESTAURANT, Respondent-Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant-Respondent, et al., Defendant. — Motion for reargument denied, without costs. The decision of this court dated November 17, 1983 does not require that a mortgage foreclosure action be commenced prior to an insurer making payment to a mortgagee to the extent of the mortgagee's interest in the property. Motion for permission to appeal to the Court of Appeals granted, without costs. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Was so much of Special Term's order as denied the motion by defendant New York Property Insurance Underwriting Association for partial summary judgment on its third affirmative defense, correct as a matter of law?" Kane, J. P., Main, Mikoll and Levine, JJ., concur.