## (January 24, 1984)

■ In the Matter of WILLIAM BROWN, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant. — Judgment of the Supreme Court, New York County (Arthur E. Blyn, J.), entered on November 1, 1982, which granted the petition pursuant to CPLR article 78 to the extent of vacating the determination by respondent New York City Employees' Retirement System and remanding the matter for further consideration, is reversed, on the law, and the petition dismissed, without costs or disbursements. Respondent New York City Employees' Retirement System appeals to this court from a judgment granting the instant petition to the extent of vacating a determination denying petitioner's application for accident disability retirement and remanding the matter for further consideration. Petitioner, a maintenance employee for the New York City Housing Authority, sustained a contusion of the right knee when he was mugged on March 23, 1978 while in the performance of his duties. He thereafter returned to active duty, and on May 8, 1979, as he and a co-worker were in the process of moving a refrigerator, he reinjured his right knee, again while engaged in the performance of his duties. Following the denial of petitioner's application for accident disability retirement, he commenced a proceeding pursuant to CPLR article 78 seeking to vacate the administrative determination. In the opinion of the medical board, whose recommendation the Board of Trustees of the New York City Employees' Retirement System accepted, although the evidence demonstrated the existence of a disability in petitioner's right knee, the available records indicated that "he had returned to full duty and had no difficulty for approximately one year until, while moving a refrigerator, his knee gave way." According to the medical board, the disability involved here is unrelated to the injury of March, 1978, and there was no accident in May of 1979. Special Term, in granting the petition, held that respondent reasonably and properly concluded that petitioner had failed to establish a causal relationship between the earlier incident and his disability, but that respondent's finding that there was no accident in May of 1979 was unsupported by the evidence. However, the Court of Appeals defines accident as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' ". (*Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012.) In that connection, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" within the statutory meaning. (*Matter of Lichtenstein v Board of Trustees, supra,* at p 1012.) The burden is upon petitioner to show that an accident occurred and that a disability was the consequence thereof. (*Matter of Archul v Board of Trustees,* 93 AD2d 716; *Matter of Sheehan v Regan,* 84 AD2d 604.) Petitioner in the instant situation did not meet his burden. The only evidence presented to the medical board was that his knee "gave way" while moving a refrigerator. The fact that the refrigerator may have started to slip, as stated in the affidavit of Frank Farina, dated March 22, 1982, some one year and three months after the date of the petition and never submitted to the medical board, does not render the

alleged movement of the refrigerator an unexpected or extraordinary event such as would constitute an accident. Therefore, Special Term should have dismissed the petition. Concur — Murphy, P. J., Sandler, Milonas and Alexander, JJ.

Kupferman, J., dissents for the reasons stated by Blyn, J., at Special Term.