In reconsidering its decision, the Board should determine whether the injuries sustained by the petitioners were the result of a “ ‘sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’”. (Matter of Lichtenstein v Board of Trustees, supra, at p 1012.) In applying this newly adopted standard of accidental injury to these cases, it is for the Board to say in the first instance from all the facts and circumstances present whether the injuries complained of here resulted from sudden, fortuitous mischances that were unexpected and out of the ordinary. To say, as the majority does, that the injuries complained of by petitioners were accidentally sustained, as a matter of law, within the meaning of the Administrative Code of the City of New York (§ B18-43.0), deprives the Board of making this factual determination in the first instance.
*570 While it is proper for this court, as well as the Appellate Division, to set aside an administrative determination where it is evident that the administrative body in reaching its decision may have applied an erroneous legal standard in view of a subsequent decision of our court, neither the Appellate Division nor this court has the power to upset the determination of an administrative board on a question of fact unless there is no support for it. The courts have “ ‘no right to review the facts generally as to weight of evidence, beyond seeing to it that there is “substantial evidence” (Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 108, p 460; 1 NY Jur, Administrative Law, §§ 177, 185; see Matter of Pell v Board of Educ., supra, at p 230.)
It is the sole province of the Board to determine, applying the Lichtenstein legal standard of accidental injury, whether the injuries complained of here were the result of an event which was “sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact”, and not for this court to say that they were. Even assuming that petitioners’ injuries resulted from sudden fortuitous mischances that were unexpected and injurious on impact, as will usually be the case whenever a person sustains a non-self-inflicted injury, it cannot reasonably be said, as a matter of law, that the injuries complained of here were the result of events which were “out of the ordinary”.
Petitioner Knight was entering his patrol car when he slipped and fell, injuring his elbow. It is difficult to imagine what could be more ordinary and routine than a patrolman entering his patrol car. In a case indistinguishable from this, a Comptroller’s determination that a janitor who slipped, fell and injured himself while performing ordinary duties did not suffer an accidental injury was not arbitrary or capricious. (Matter of Covet v New York State Employees’ Retirement System, 84 AD2d 902, mot for lv to app den 55 NY2d 606.) It would seem to follow that in this case, while reasonable minds might differ as to whether or not petitioner Knight suffered an accidental injury within the meaning of section B18-43.0 of the Administrative Code of the City of New York, it cannot be said, as a matter of law, that petitioner sustained an accidental injury. (See Matter of Meyer v Regan, 99 AD2d 582.)
*571 Nor can that be said as to petitioner McCambridge. In that case, Detective McCambridge was simply getting up from his chair when he lost his balance and fell to the floor, injuring his knee. As in Officer Knight’s case, the petitioner could not have been performing a more common or routine task — getting out of his chair — when he injured himself. Thus, the requirement in Matter of Lichtenstein v Board of Trustees (supra) that the event leading to the injury be “out of the ordinary” could very well be found to be absent by the Board of Trustees. Nevertheless, the majority today decides not to remit the proceedings to the Board for a rehearing under the proper legal standard but, instead, substitutes its judgment for that of the Board and makes a finding that petitioner sustained an accidental injury within the meaning of the city ordinance, as a matter of law. It is especially difficult to understand how this court can reach this result so soon after reinstating the Board of Trustees’ determination that a patrolman who injured his back while leaning over a car to place a parking ticket on it had not sustained an accidental injury. (See Matter of Lichtenstein v Board of Trustees, supra.)
For all these reasons, I would reverse and remit to the Board of Trustees to reconsider the claims of the petitioners in light of our decision in Matter of Lichtenstein (supra).
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion; Judge Jasen dissents in part and votes to reverse and remit for reconsideration in accordance with his opinion.
In each case: Order reversed, with costs, petition granted and matter remitted to Supreme Court, New York County, with directions to remand to respondents for further proceedings in accordance with the opinion herein.