◼ In the Matter of JOHN P. ROWE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer since 1961 with the Nassau County Police Department, filed an application for accidental disability retirement pursuant to section 363 of the Retirement and Social Security Law. After his application was rejected by the Comptroller, petitioner requested an administrative hearing. A hearing officer then denied the application and this decision was upheld by the Comptroller. The Comptroller found that petitioner was permanently disabled from the performance of his police duties but not as a result of an accident within the meaning of the applicable statute. This CPLR article 78 proceeding seeking to challenge the Comptroller's determination ensued.

Petitioner's claim was primarily based upon an incident which occurred in 1975 when he slipped on a wet manhole cover as he was getting out of his patrol car and wrenched his back against the side of the car in an effort to avoid a fall. Following this incident and after a myelogram with positive findings, petitioner underwent a laminectomy which resulted in a loss of 189 working days. He returned to work but, according to his testimony, was never without pain from that time on. After an incident in 1981 when he experienced pain in an attempt to handcuff an arrestee, petitioner did not return to work.

At the administrative hearing, petitioner's physician testified that he was, in fact, disabled from the performance of his duties as a police officer since the 1975 accident. Petitioner had been injured in two line-of-duty automobile accidents prior to 1975 in

which he sustained back injuries. The persuasive medical evidence at the administrative hearing indicated that the disabling incident was the one which occurred in 1975.

The single significant factor in the ultimate adjudication was the determination that the 1975 incident was not an "accident" within the meaning of section 363 of the Retirement and Social Security Law. In so finding, the Comptroller relied upon existing precedent. However, after his determination and subsequent to this court's decision in *Matter of Meyer v Regan* (99 AD2d 582), the Court of Appeals clarified the requirement that an "accident" is "an unexpected event as the result of activity undertaken in the performance of ordinary employment duties" (*Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012). In *Matter of McCambridge v McGuire* (62 NY2d 563), the court held that a slip and fall by a police officer entering his patrol car was "an accident". The focus, the court noted, is not "on the petitioner's job assignment [but rather] on the precipitating cause of injury" (*id.,* at p 567). A slip and fall on wet pavement "was not a risk of the work performed" (*id.,* at p 568). Thus, although the officer may have been engaged in performing routine police duties, slipping on wet pavement constituted a "precipitating accidental event", unexpected in nature (*id.*).

Accordingly, since the Comptroller's determination of petitioner's application in this case was made prior to recent clarifications on the subject by the Court of Appeals, we deem it prudent to annul the determination and remit the matter to the Comptroller for reconsideration in light of these recent decisions.

Determination annulled, without costs, and matter remitted to the Comptroller for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.