OPINION OF THE COURT
Rose L. Rubin, J.
Petitioner, a New York City Transit Police Officer, commenced this CPLR article 78 proceeding to compel respondents to grant his application for an accident disability pension pursuant to Administrative Code of the City of New York (Code) §B18-43.0 in lieu of the ordinary disability pension which was approved. Petitioner charges that respondents’ denial of accidental disability is arbitrary, capricious and unlawful and that the procedures followed in arriving at the determination are unconstitutional. Respondents New York *793 City Transit Police Department and James B. Meehan cross-move to dismiss the petition on the grounds that it fails to state a cause of action against them.
Petitioner has been a New York City Transit Police Officer since 1963. On December 21, 1978, while on duty, petitioner attempted to remove a man from a subway train after the man had pulled an emergency cord and threatened the other passengers with a knife. During the struggle which ensued, petitioner felt a sharp pain in his lower back. At a hospital, he was diagnosed as having low back syndrome and possible disk disease. Petitioner was unable to work for a number of days. Intermittently, he was on restrictive duty. During this time, he continued to receive treatment for his injury.
On January 18, 1980, while assisting another police officer in an arrest, petitioner raised up a passenger who had been knocked to the ground. He pulled another passenger from a subway train door after that passenger refused to let go of the door. Two days later, petitioner experienced severe back pains which were diagnosed as lumbosacral strain. During the following 15 months, petitioner was absent because of his disability several times and was on restrictive duty for 89 days because of his back condition.
On March 28, 1981, while trying a few times to lift a subway passenger whom he could not awaken, petitioner suffered further back injury. Petitioner was again intermittently on restrictive duty. Indeed, he worked only on restrictive duty assignments from July 20, 1981 to the present.
On June 25, 1981, petitioner applied for an accidental disability retirement pension. He was given a physical examination and submitted medical records to the New York City Employees’ Retirement System Medical Board (Medical Board). On November 17, 1983, the Medical Board recommended that his application be denied.
On January 30, 1984, petitioner applied for reconsideration. He submitted additional medical reports and was again examined physically by the Medical Board. The Medical Board, on April 19, 1984, found that petitioner was disabled. However, it recommended denial of an accident disability pension on the ground that petitioner’s disability was not the result of an accident. On June 22, 1984, respondents accepted the Medical Board’s recommendation and denied an accident disability pension to petitioner.
Previously, on October 4, 1983, the New York City Transit *794 Authority had filed a request with the Board of Trustees of the New York City Employees’ Retirement System (Trustees) for ordinary disability retirement for petitioner. The Medical Board recommended that this request be approved and the Trustees accepted the recommendation on October 9, 1984. They established a proposed retirement date of January 7, 1985. Petitioner is apparently now retired. He does not contest his retirement. Rather, he contests the type of retirement pension he receives.
Code § B18-43.0 affords eligibility for accident disability retirement to a person in city service who establishes that he or she "is physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service”.
In Matter of Lichtenstein v Board of Trustees of Police Pension Fund (57 NY2d 1010 [1982]), the Court of Appeals reversed a finding of accidental disability where a police officer sustained a disabling back injury by leaning over the hood of a car to affix a traffic violation summons on the windshield. Noting that the term "accident” has no statutory definition, the court (57 NY2d, at p 1012) adopted what it termed the "commonsense” definition of accident as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’ (Johnson Corp. v Indemnity Ins. Co. of North Amer., 6 AD2d 97, 100, affd 7 NY2d 222). (According to this definition,” the court wrote, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury within the meaning of section B18-43.0) (see, e.g., Retirement and Social Security Law, § 363; Matter of Covel v New York State Employees’ Retirement System, 84 AD2d 902, mot for lv to app den 55 NY2d 606; Matter of Panek v Regan, 81 AD2d 738).”
In Matter of Covel (84 AD2d 902, lv denied 55 NY2d 606, supra), a school custodian slipped on the floor he was mopping, a floor to which he had earlier applied oil. In an effort to avoid falling, he injured his back. Accidental disability was denied on the ground that petitioner’s injury was caused by a risk inherent in the performance of his routine duties.
Accident disability retirement benefits were denied to a sanitation department worker injured while lifting a heavy can of garbage (Matter of Shannon v Board of Trustees of N.
*795 Y. City Employees’ Retirement Sys., 92 AD2d 528 [1st Dept 1983], affd 59 NY2d 852 [1983]); to a New York City Housing Authority maintenance worker injured while moving a refrigerator (Matter of Brown v New York City Employees’ Retirement Sys., 99 AD2d 451 [1st Dept 1984]); to a police officer who collapsed after administering mouth-to-mouth resuscitation and the Heimlich maneuver, carrying the choking child to the police car and racing the child to a hospital in bad weather (Matter of Hoyt v Regan, 93 AD2d 937 [3d Dept 1983]); and to a police officer injured while placing a spare tire in the trunk of his patrol car (Matter of Menna v New York City Employees’ Retirement Sys., 91 AD2d 537 [1st Dept 1982], affd 59 NY2d 696 [1983]). The same result obtained when a police officer was injured in four job-related incidents over two years, consisting of moving a violent mental patient, removing a drunken prisoner from a squad car, slipping as he directed traffic during a snow emergency and while handcuffing an agitated youth (Matter of Clair v Regan, 89 AD2d 663 [3d Dept 1982]). Hoyt and Clair were decided under a provision of the Retirement and Social Security Law which parallels Code § B18-43.0.
The teaching of those decisions is that the incidents relied upon by petitioner do not meet the Lichtenstein definition of accident and are insufficient to support petitioner’s claim. Query: Does Matter of McCambridge v McGuire (62 NY2d 563 [1984]), which cites Lichtenstein with approval, expand the definition of accident? Matter of Knight v McGuire, under the same citation, was decided simultaneously and must also be considered. In each case, reversing the court below, the Court of Appeals found as a matter of law that the injury was the natural and proximate result of an accident entitling the petitioner to an accident disability pension.
In McCambridge (supra), a police detective was seated at the desk of another detective who approached to remove some papers from the drawer. As petitioner stood up, he placed his hand on the other detective’s shoulder to steady himself. The other detective unexpectedly moved away causing petitioner to lose his balance, fall and twist his knee. In Knight, a police officer slipped on wet pavement as he was entering his patrol car and injured his elbow. As a result, McCambridge and Knight were each permanently disabled from performing their duties as police officers. The court held (62 NY2d 563, 568, supra) the injuries in each case were sustained "within the common sense definition adopted in Lichtenstein”.
It distinguished injuries sustained "while performing rou *796 tine duties but not resulting from unexpected events” (Matter of McCambridge v McGuire, supra, p 568). According to the court (at p 568), the distinguishing factor is "[i]n each of the present cases that there was a precipitating accidental event —in one case the loss of balance and fall to the floor; in the other, the slip on the wet pavement and fall which was not a risk of the work performed, as in Covel (Matter of Covel v New York State Employees’ Retirement System, 84 AD2d 902, mot for lv to app den 55 NY2d 606).”
From its citation with approval of Lichtenstein (supra) and Covel (supra), it is apparent that the Court of Appeals in McCambridge (supra) did not intend to modify the decisions under Lichtenstein. The result appears to be anomalous. A police officer who is permanently injured in the line of duty as a result of extraordinary efforts to perform his job well receives lesser retirement benefits than a police officer who sustains permanent line-of-duty injuries from slipping on wet pavement in reentering his police vehicle.
It is noteworthy that, prior to 1940, retirement benefits were paid to employees who became disabled as a result of their service to the city unrelated to accidental causation (see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, supra). Legislative attention to remedy the unfair disparity of results in McCambridge (supra) and Litchenstein is urgently needed. Nonetheless, this court is constrained to follow Lichtenstein and McCambridge. Under these cases, the application was properly rejected by the Trustees and the Medical Board.
The burden of proving that the disability complained of is the result of an unexpected, out of the ordinary event, which occurred during the performance of his duties rests upon the petitioner (Matter of Christian v New York City Employees’ Retirement Sys., 83 AD2d 507 [1st Dept 1981], affd 56 NY2d 841 [1982]; Matter of Brown v New York City Employees’ Retirement Sys., 99 AD2d 451, supra). Petitioner failed to meet this burden of proof. The incidents which petitioner cites as either causing or exacerbating his back injury are normally encountered in the performance of a police officer’s duties and thus do not rise to the definition of accident.
Likewise unfounded are petitioner’s further contentions that the procedures followed by respondents are unconstitutional. Petitioner was afforded the opportunity to submit medical records on two, possibly three, occasions and was *797 physically examined at least twice by the Medical Board. Due process does not mandate a complete adversary proceeding (Matter of Meschino v Lowery, 31 NY2d 772 [1972]; Matter of Rinaldi v Board of Trustees of N. Y. City Employees’ Retirement Sys., 88 AD2d 870 [1st Dept 1982], appeal dismissed 58 NY2d 780 [1982]).
Accordingly, this petition is dismissed. In light of the court’s decision, the cross motions of New York City Transit Police Department and Meehan are denied as moot.