■ In the Matter of ROBERT E. SULLIVAN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a surveyor employed by the Department of Transportation, injured his back when he slipped on an icy curb while performing a survey. Respondent denied petitioner's application for accidental disability retirement benefits, concluding that petitioner's slip on the icy curb while performing his normal duties as a surveyor was not an accident. The determination must be annulled on constraint of *Matter of McCambridge v McGuire* (62 NY2d 563; *see also, Matter of Pratt v Regan,* 68 NY2d 746).

Respondent concluded that since petitioner's normal duties as a surveyor required him to traverse a wide variety of terrain in various weather conditions, the slip on an icy curb was a foreseeable risk inherent in the work performed. In the *McCambridge* case, however, one of the petitioners, a police patrolman, slipped and fell on wet pavement as he was about to enter his patrol car, and the Court of Appeals held this to be an accident as a matter of law *(supra,* at 568). In holding this slip and fall to be sudden, unexpected and out of the ordinary, the court cited *Matter of Covel v New York State Employees' Retirement Sys.* (84 AD2d 902, *lv denied* 55 NY2d 606) as a contrasting case where the slip on a wet surface was a risk of the work performed. In *Covel,* the petitioner, a school custodian, slipped while dust-mopping a floor which he previously had oiled. Another case in which the court distinguished between a risk of the work performed and a sudden, unexpected event is *Matter of Pratt v Regan* (68 NY2d 746, *supra),* where a fireman caught his heel on the running board of the fire truck he was exiting, lost his balance and came down hard

on his other foot in a pothole. The court reasoned that "catching a heel on a running board and thus losing balance may be a risk of the work performed, but coming down hard upon the other foot in a pothole is not" *(supra,* at 747).

Here, as in both the *McCambridge* and *Pratt* cases, petitioner's injury occurred when in the course of his normal duties he stepped on a hazardous condition, the existence of which was totally unrelated to his employment. Thus, petitioner sustained an accidental injury as a matter of law since it resulted from a sudden, unexpected event *(see, Matter of Pratt v Regan, supra; Matter of McCambridge v McGuire, supra; Matter of Boudreau v Regan,* 129 AD2d 846).

Determination annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent herewith. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.