■ In the Matter of THEODORE JOHNSON, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a bridge repair assistant by the New York State Thruway Authority. His duties, carried out on a piling barge on the Hudson River, required him to jump onto the barge from a tugboat which was used to push the barge into place. In September 1984, petitioner injured his back as he made the jump onto the piling barge, slipped on a combination of creosote and bird droppings and landed awkwardly. Following a hearing, respondent Comptroller denied petitioner's application for accidental disability retirement benefits, concluding that petitioner's injury occurred as a result of a risk inherent in his normal duties as a bridge repair assistant and did not result from an accident. This CPLR article 78 proceeding ensued.

The determination should be confirmed. The Court of Appeals instructs us that an accident within the meaning of the Retirement and Social Security Law is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222). An injury emanating from risks inherent in an employee's regular duties *(Matter of Cummings v Regan,* 107 AD2d 968, 969) or "sustained while performing routine duties but not resulting from unexpected events" *(Matter of McCambridge v McGuire,* 62 NY2d 563, 568) is not accidental.

In *Matter of McCambridge (supra),* the Court of Appeals determined that a police officer who slipped on wet pavement as he was about to enter his patrol car sustained an accidental injury as a matter of law. Again, in *Matter of Pratt v Regan* (68 NY2d 746), the Court of Appeals concluded that a firefighter sustained an accidental injury when, in exiting a fire truck, he lost his balance and came down hard on his other foot in a pothole, upon the rationale that "[c]atching a heel on a running board and thus losing balance may be a risk of the work performed, but coming down hard upon the other foot in a pothole is not" *(supra,* at 747). Similarly, this court has determined that a surveyor who slipped on an icy curb while performing a survey *(Matter of Sullivan v Regan,* 133 AD2d 993) and a traffic light repairman who stepped on a bottle as he alighted from his truck *(Matter of Boudreau v Regan,* 129 AD2d 846) both sustained accidents. In contrast, this court decided that a slip on a wet surface was a risk of the work performed when a school custodian slipped while dust-mopping a floor which he had previously oiled and "knew to be slippery" *(Matter of Covel v New York State Employees' Retirement Sys.,* 84 AD2d 902, *lv denied* 55 NY2d 606).

Turning to the case at hand, we conclude that the Comptroller's determination is amply supported by the record. Here, petitioner concedes that the deck of the barge was always covered with creosote and bird droppings and his duties required him to make the jump in all conditions, regardless of whether the river was choppy or calm, since it was the only way for him to get to his work station on the piling barge. The pitching of the two vessels and the slippery condition of the barge's deck were hazards well known to petitioner and, given these circumstances, the assertion that the upsurge of the barge was a sudden and unexpected event precipitating the injury is unpersuasive. Accordingly, the Comptroller's deter-

mination that petitioner's injury did not result from an accident but, rather, from his own misstep in the routine process of jumping onto the barge must be upheld (see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1011-1012, supra; Matter of Cummings v Regan, 107 AD2d 968, 969, supra; Matter of Covel v New York State Employees' Retirement Sys., 84 AD2d 902, supra).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.