■ In the Matter of EARL J. CAMPAZZI, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents.—Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered March 13, 1991, which upon reargument, recalled and vacated its prior determination for reconsideration as to the issue of permanent partial disability, denied the application, and dismissed the petition, unanimously affirmed, without costs.

It is uncontroverted that on March 10, 1952, the petitioner received three bullet wounds while in the line of duty effecting an arrest. It is uncontroverted that the petitioner received these bullet wounds in the line of duty. On January 7, 1956, the petitioner entered the hospital complaining of severe cramping pains. The New York City Police Department (NYPD) approved the petitioner's application for pay during this disability.

Five years later, the petitioner twice reported sick but was denied full pay during the disability. On June 10, 1976, the petitioner filed an application for accident disability retirement based upon his March 10, 1952 injury. In that application, the petitioner claimed that "I AM PERMANENTLY DISABLED AND UNFIT TO PERFORM FULL POLICE DUTY AND UNABLE TO PERFORM ANY TYPE OF LIGHT WORK."

After the submission of medical evidence, the Medical Board denied petitioner's application and, upon reconsideration, again denied the application. The petitioner subsequently

remained with the Department for an additional eleven years, and also during that time requested that the Department waive the mandatory retirement age. Thereafter, the petitioner retired and also filed a second application for a disability retirement pension, which the Medical Board denied. The petitioner then brought this CPLR article 78 petition.

It is within the power of the Medical Board to decide the question of disability *(Matter of Schweitzer v Codd,* 63 AD2d 66). There should be no judicial interference with the Medical Board's determination on the question of disability when it is supported by credible evidence, as such a determination cannot be said to be arbitrary or capricious *(Matter of Manza v Malcolm,* 44 AD2d 794).

The record reflects that petitioner remained on full active duty until he retired from the police force. In addition, the petitioner advanced in rank to the position of lieutenant, and commander of the Missing Persons Bureau. Indeed, after the petitioner reached mandatory retirement age, he requested that NYPD permit him to continue in his position.

Petitioner officially retired from the NYPD on June 20, 1987, after 44 years of service, eleven years after filing his first application, and 2-½ years after requesting that his mandatory retirement be waived.

Accordingly, the petitioner has failed to demonstrate that the respondents' determination was in any way arbitrary or capricious. Concur—Murphy, P. J., Rosenberger, Ellerin and Kassal, JJ.