■ In the Matter of EILEEN BORENSTEIN, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [630 NYS2d 79] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered February 25, 1994, which, *inter alia*, denied petitioner's application to annul a determination of the New York City Employees' Retirement System ("NYC-ERS") denying petitioner an accident disability pension, unanimously reversed, on the law, and the petition granted, without costs.

While keeping in mind the high threshold a petitioner seeking to annul the determination of NYCERS denying a disability pension must meet (*see, Matter of Campazzi v Ward*, 181 AD2d 431, 432; *Matter of Brown v New York City Employees' Retirement Sys.*, 99 AD2d 451), we nevertheless must find that the decision in this case of NYCERS' Medical Board, as adopted by its Board of Trustees, that petitioner was not disabled, was arbitrary and capricious. Even without taking into account the determinations by the Social Security Administration and Workers' Compensation Board, which both found that petitioner was disabled as a result of a back injury suffered on December 25, 1990, we find that the Medical Board's description of petitioner's condition solely by reference to her subjective reports of pain and subjective reports of limited range of motion of head and neck, and its complete failure to take note of the undisputed fact that magnetic resonance imaging of petitioner's spine had revealed "herniation at C-5 and bulging disc at C-6, 7" was plainly irrational.

In spite of this conclusive proof of injury and without making reference to it, the Board rejected petitioner's claim based solely on clearly questionable clinical evidence garnered from its own examination, such as its conclusion that petitioner's loss of strength on her left side was due to "poor patient effort," and the fact that she was not experiencing muscle spasm

at the time of testing. We also take note of the Board's comparative measurements of petitioner's arms and forearms, which allowed it to ascertain the absence of any atrophy, contrasted to its failure to report similar measurements of her legs, in spite of the fact that the medical report of the Workers' Compensation physician, submitted to the Board, had reported a half-inch atrophy of the right quadriceps muscle and had made no findings as to her arms. Similarly, in spite of the report of one of petitioner's doctors, which specifically referred to the fact that "persistent sitting or standing with manipulation of the upper extremities will exacerbate the clinical finding" in recommending that petitioner not return to work, the Board referred only to its evaluation of petitioner's current condition and failed to consider the effect of future activity on her condition.

In light of the lack of any credible evidence supporting the finding of no disability, and the overwhelming evidence of a disability that was directly caused by petitioner's tripping over loose carpet and falling while on the job on December 25, 1990, the application for an accident disability pension should be granted. Concur—Ellerin, J. P., Ross, Nardelli, Tom and Mazzarrelli, JJ.