The Board of Trustees denied petitioner’s application for ADR benefits based on a tie vote, upon a court-ordered remand in a prior proceeding. Petitioner fails to establish, as a matter of law, that his “disability was the natural and proximate result of a service-related accident” (Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 352 [1983]). The evidence shows that petitioner’s back injury was caused by an incident in 2003, in which he was moving a table to prepare for a police training course. Such injury caused by exertion in lifting a heavy object was a risk of the work performed, and did not result from a sudden, unexpected event (see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of NY., Art. II, 57 NY2d 1010, 1012 [1982]; Matter of Valentin v Board of Trustees of N.Y. City Employees’ Retirement Sys., 91 AD2d 916 [1st Dept 1983], affd 59 NY2d 702 [1983]).
Contrary to petitioner’s contention, the Board of Trustees did not fail to comply with the aforementioned remand. The prior order remanding the matter directed the Medical Board to determine whether petitioner’s disability was caused by a prior incident in 1996, and further directed that if the Medical Board answered that question in the affirmative, the Board of Trust *656 ees was required to determine whether the 1996 incident was a service-related accident causing the disability. However, the Medical Board answered the question in the negative, and thus, the Board of Trustees was not required to consider the 1996 incident upon remand. Concur — Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.