| Pirov v Caban |
|---|
| 2025 NY Slip Op 31202(U) |
| April 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161426/2023 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. J. MACHELLE SWEETING**                    PART            50

*Justice*

-----------------------------------------------------------------------------X

AMNUN PIROV,

|                          |            |
|--------------------------|------------|
| INDEX NO.                | 161426/2023 |
| MOTION DATE              | 11/21/2023 |
| MOTION SEQ. NO.          | 001        |

                        Petitioner,

                              - v -

EDWARD A. CABAN, AS POLICE COMMISSIONER OF
THE CITY OF NEW YORK, AND AS CHAIRMAN OF THE
BOARD OF TRUSTEES OF THE NEW YORK CITY
POLICE PENSION FUND, KEVIN HOLLORAN, AS
EXECUTIVE DIRECTOR OF THE NEW YORK CITY
POLICE PENSION FUND, THE BOARD OF TRUSTEES OF
THE NEW YORK CITY POLICE PENSION FUND, THE
CITY OF NEW YORK

**DECISION + ORDER ON MOTION**

                        Respondents.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for            ARTICLE 78 (BODY OR OFFICER)            .

Petitioner filed this article 78 petition seeking:

1) a judgment pursuant to Article 78 of the Civil Practice Law and Rules ("CPLR"):

    a. reviewing and annulling the action of respondents herein (collectively, the "City") in denying petitioner an accidental disability retirement pursuant to New York City Administrative Code 13- 252, and declaring said action to be arbitrary, capricious, unreasonable and unlawful; and

    b. directing and ordering the City to award petitioner a line of duty accidental disability retirement pension; or in the alternative

    c. directing and ordering the City, by way of remand, to review petitioner's application for a line of duty accidental disability retirement benefit.

161426/2023  PIROV, AMNUN vs. EDWARD A. CABAN, AS POLICE COMMISSIONER OF THE          Page 1 of 10
CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NEW YORK
CITY POLICE PENSION FUND ET AL
Motion No.  001

1 of 10

[* 1]

2) an order, pursuant to CPLR 7804(e), directing the City to serve and file upon the date hereof:

    a. all reports, recommendations, certificates and all other documents submitted to the Police Pension Fund Board of Trustees, in connection with the retirement of the petitioner herein; and

    b. copies of any and all records, reports or notes relating to petitioner which are on file with the Police Pension Fund and/or Police Department.

Relevant Facts

Petitioner, a police officer with the New York Police Department ("NYPD"), claims to have suffered disabling injuries on October 5, 2020, while responding on foot to a 911 call.[1] Plaintiff alleges that as he went in search of a perpetrator, he tripped over what he described as a defective broken part of a speed bump which created a tripping hazard. Petitioner claims that the speed bump was defective due to a broken indentation in its middle, and the defect was unexpected and out of the ordinary. Petitioner claims that he was not familiar with the area he was patrolling and did not anticipate the defect at the time. As a result of his fall, he sustained severe injuries to his right hand, his right shoulder and his right ankle.

Petitioner was examined by the Medical Board of the Police Pension Fund ("the Board") and submitted an application seeking *Accidental Disability Retirement* ("accidental disability"). The Police Commissioner submitted a different application seeking that petitioner be granted *Ordinary Disability Retirement* ("ordinary disability").

---

[1] While the City raises in its opposition papers challenges to the precipitating cause of petitioner's injuries - in that the City argues that the trip and fall did not occur while petitioner was searching the premises for a perpetrator, but he tripped and fell after exiting a building and the job had already been completed - there is no indication on this record that the manner in which the incident occurred was raised before the Trustees or that it was a factor in their determination.

161426/2023   PIROV, AMNUN vs. EDWARD A. CABAN, AS POLICE COMMISSIONER OF THE
CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NEW YORK
CITY POLICE PENSION FUND ET AL
Motion No.  001

Page 2 of 10

2 of 10

On September 13, 2022, the Board reviewed both applications. The Board recommended approval of petitioner's application for Accidental Disability Retirement and denied the Police Commissioner's application for Ordinary Disability Retirement.

The Board of Trustees of the Police Pension Fund (the "Trustees")[2] considered this matter on May 10, 2023, June 14, 2023, July 13, 2023, and August 9, 2023. The minutes from the meetings were submitted by petitioner at NYSCEF Doc. No. 4. The Trustees did not follow the Board's recommendation, and on August 10, 2023, they sent petitioner a letter (NYSCEF Doc. No. 10) stating:

> At the 08/09/2023 meeting of the Board of Trustees of the New York City Police Pension Fund, your application for Accidental Disability Retirement was reconsidered resulting in a 6/6 split decision amongst the Board of Trustees. However, in that meeting. the Board of Trustees voted to approve the Police Commissioners application for Ordinary Disability.

On November 21, 2023, petitioner commenced the instant Article 78 proceeding.

Arguments Made by the Parties

Petitioner argues that the Trustees are always bound by the Medical Board's finding of a disability and that the Trustees' denial of petitioner's application for an Accidental Disability Retirement was arbitrary, capricious, unreasonable, unlawful and contrary to the provisions of the Constitution of the United States and the State of New York statutes, laws, ordinances, rules and regulations applicable in these circumstances.

---

[2] The Board of Trustees is comprised of 12 members, four from City government, and eight from the police labor unions. Voting power is weighted such that the City representatives have a total of six votes and the union representatives have six votes. An accidental disability application must be approved by a majority of the Trustees, and anything less than a majority results in the denial of accidental disability benefits and an award of ordinary disability benefits.

**161426/2023   PIROV, AMNUN vs. EDWARD A. CABAN, AS POLICE COMMISSIONER OF THE                    Page 3 of 10
CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NEW YORK
CITY POLICE PENSION FUND ET AL
Motion No.  001**

3 of 10

[* 3]

Petitioner argues that the definition of what constitutes an accident is well-settled, and has been deemed to be "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact." Petitioner argues that the injuries he sustained were accidental in that he tripped and fell "on a defective broken up piece of the speed bump" while he was searching for a perpetrator. In his line of duty report (NYSCEF Doc. Nos. 2, 16), petitioner stated:

> I TRIPPED OVER A SPEEDBUMP IN THE DRIVEWAY. I FELL ON MY RIGHT HAND CAUSING ABRASION, SWELLING, PAIN AND BRUISING. MY BWC WAS WORN BUT NOT ACTIVATED AT THE TIME OF THE INCIDENT. I WAS TRANSPORTED TO NORTHWELL FOREST HILLS HOSPITAL VIA RMP AND DIAGNOSED WITH RIGHT HAND CONTUSION, PAIN, SWELLING AND BRUISING BY DR GUTTERSON.

Petitioner argues that the speed bump was defective, as "it had a broken up indentation in the middle, and it was unexpected and out of the ordinary that the speed bump would be in disrepair." Petitioner argues that he was unfamiliar with the parking lot, as he had not been there before, and that he could not reasonably anticipate a defective speed bump because he was in the midst of a search for a perpetrator.

In opposition, the City argues that petitioner failed to demonstrate that the speed bump was defective. They argue that petitioner belatedly submitted a photograph of the speed bump to show its defective condition, and the issue of a defect was not originally raised. The City asserts that even if the speed bump were defective, the petitioner tripping and falling over a broken speed bump was a risk inherent in a police officer's work, and not an accident. The City cites a number of court decisions which distinguish accidents from what they refer to as "mishaps" and further argues that the speed bump, which was readily observable, was the cause of a mishap.

The City contends that the Trustees acted rationally and reasonably when they concluded that the act of a police officer falling after tripping on a speed bump does not rise to the level of an "accident" in the context of disability benefits. The City argues that a stationary speed bump does

161426/2023   PIROV, AMNUN vs. EDWARD A. CABAN, AS POLICE COMMISSIONER OF THE
CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NEW YORK
CITY POLICE PENSION FUND ET AL
Motion No. 001

Page 4 of 10

4 of 10

not constitute a "sudden" or "unexpected" mischance, and that petitioner did not allege bad weather, limited visibility, obstruction, or that any other external condition to render the stationary speed bump's existence a "fortuitus mischance."

In addition, the City argues that there is no indication that the speed bump was "defective" and/or "broken up," and in fact, the Trustees rationally concluded that the divot in the middle of the speed bump appeared to have been intentionally designed there for the purpose of drainage. Further, the City argues that the petitioner's own statement from the day of the incident does not allege whatsoever that the speed bump was defective, and that there was no mention of any such defects until nearly three years later. Even in his application for accidental disability, petitioner did not submit any proof of the "defective and broken up speed bump," and an image of the speed bump was only included once the Trustees, on their own accord, searched Google Maps[3] to get an image of the condition of the driveway at the incident location. The Trustees acknowledged that the speed bump in the picture "may not be the exact speed bump" (NYSCEF Doc. No. 4).

The City argues that even if, *arguendo*, the speed bump was defective and broken up (which they contend it was not), it would not constitute an "accident," as traversing pavement and its potential tripping hazards is a part of the regular duties of a police officer. The City argues that petitioner has not met his burden in showing that the incident involved activity outside of that undertaken by a police officer in the course of routine duty or that the involved activity presented risks outside of petitioner's work as a NYPD officer. Accordingly, the City argues, the Trustees were not arbitrary and capricious when they concluded that petitioner's injuries were not the result of an accident, as that term is defined.

---

[3] The image in the Google Maps photo (NYSCEF Doc. No. 9) was captured in August 2022. The incident here was in 2020.

161426/2023   PIROV, AMNUN vs. EDWARD A. CABAN, AS POLICE COMMISSIONER OF THE
CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NEW YORK
CITY POLICE PENSION FUND ET AL
Motion No.  001

Page 5 of 10

5 of 10

In reply, petitioner argues that even if the speed bump was readily observable, the circumstances clearly make out a case for an accident. Petitioner contends that respondents did not raise the same argument at the time of the review, and did not deny petitioner's position as to the cause of his injuries. Petitioner cites court decisions supporting his position.

Conclusions of Law

Both parties agree that an accident is a "sudden, fortuitous mischance, unexpected, out of the ordinary and injurious impact." In *Kelly v DiNapoli,* 30 NY3d 674 (2018), the New York Court of Appeals summarized the caselaw regarding "accidents":

> This Court first defined "accident" in *Matter of Lichtenstein v. Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y. Art. II*, "adopt[ing] the commonsense definition of a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact.'" Stated otherwise, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (id.). Two years later, the Court clarified in *Matter of McCambridge v. McGuire* that it is "error ... [to] focus[ ] on the petitioner's job assignment, not on the precipitating cause of injury." Rather, a petitioner is entitled to accidental disability retirement benefits when the injury was caused by "a precipitating accidental event ... which was not a risk of the work performed." In defining "accident," both *Lichtenstein* and *McCambridge* relied upon *Matter of Covel v. New York State Employees' Retirement Sys., 84 A.D.2d 902, 444 N.Y.S.2d 776 (3d Dept. 1981), lv denied 55 N.Y.2d 606, 449 N.Y.S.2d 1025, 434 N.E.2d 720 (1982),* which upheld the denial of benefits to a school custodian who slipped on oil that he regularly applied to a floor that he was dust mopping; the Court reasoned that "injuries ... sustained during the performance of an employee's regular duties and result[ing] from risks inherent in the task being performed" are not accidents.

> Under *Lichtenstein* and *McCambridge*, an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed, but the "focus[ ]" of the determination must be on "the precipitating cause of injury," rather than on "the petitioner's job assignment." Thus, in *Lichtenstein*, the Court upheld the denial of benefits where the petitioner, a police officer, was injured while leaning over the hood of a car to place a traffic ticket on the windshield; <u>see also</u> *Matter of Valentin v. Board of Trustees of N.Y. City Employees' Retirement Sys., 59 N.Y.2d 702, 463 N.Y.S.2d 438, 450 N.E.2d 244 [1983], affg for reasons stated below 91 A.D.2d 916, 457 N.Y.S.2d 543 [1st Dept. 1983]* [application denied where sanitation workers sustained disabling injuries while lifting heavy bags and trash cans]; *Matter of Schussler v. Codd, 59 N.Y.2d 698, 463 N.Y.S.2d 419, 450 N.E.2d 225 [1983]* [police officer's application denied where loss of hearing resulted from weekly practice sessions on pistol range]; *Matter of Menna v. New*

[* 6]

*York City Employees' Retirement Sys., 59 N.Y.2d 696, 463 N.Y.S.2d 438, 450 N.E.2d 244 [1983], affg for reasons stated below 91 A.D.2d 537, 457 N.Y.S.2d 255 [1st Dept. 1982]* [application denied where Housing Authority patrolman was injured while placing a spare tire into trunk of patrol car] ). In contrast, in *McCambridge*, the Court held that the petitioners had demonstrated that their injuries were accidental as a matter of law where they were injured (1) getting up from a desk when the officer on whom the petitioner was leaning suddenly moved away, causing the petitioner to fall, and (2) after slipping and falling on wet pavement while getting into a patrol car on a rainy day.

Thereafter, applying the principles set forth in *McCambridge* and *Lichtenstein*, this Court concluded as a matter of law in *Matter of Pratt v. Regan* that a firefighter "coming down hard upon the other foot in a pothole" after "[c]atching a heel on a running board and thus losing balance" was not only "sudden" but also an "unexpected event" because it was not "a risk of the work performed"; *see Matter of Pastalove v. Kelly, 120 A.D.3d 419, 420–421, 991 N.Y.S.2d 39 [1st Dept. 2014]*; *Matter of Sullivan v. Regan, 133 A.D.2d 993, 994, 521 N.Y.S.2d 145 [3d Dept. 1987]*). In contrast, even when an incident "constituted a sudden, inopportune, fortuitous mischance," we upheld a denial of benefits on the ground that the "event ... was a risk inherent in [the] petitioner's regular duties" and, therefore, could not be deemed "unexpected" *(Matter of Hambel v. Regan, 174 A.D.2d 891, 892–893, 571 N.Y.S.2d 355 [3d Dept. 1991], affd for reasons stated below 78 N.Y.2d 1092, 578 N.Y.S.2d 871, 586 N.E.2d 54 [1991]* [siren sounding when officer was only 60 feet from it was sudden but not unexpected; rather it was a risk inherent in the officer's regular duties]; *see also Matter of Kehoe v. City of New York, 81 N.Y.2d 815, 817, 595 N.Y.S.2d 379, 611 N.E.2d 280 [1993]* [upholding a denial of benefits because "(n)o evidence was presented refuting respondent('s) ... claim that petitioner's injuries resulted solely from the performance of his usual duties as a sanitation worker"] ). Similarly, in *Matter of Starnella v. Bratton, 92 N.Y.2d 836, 677 N.Y.S.2d 62, 699 N.E.2d 421 [1998])*, this Court concluded, as a matter of law, that a slip and fall on water in a bathroom constituted an accident because it was "no less a sudden and unexpected event" than the "slip[ ] and fall[ ] on wet pavement on a rainy day" at issue in *McCambridge*; however, the Court held that "[a] fall down the stairs as a result of one's own misstep, without more, is not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law." Critically, the Court reemphasized in *Starnella* that the dispositive question is whether injury was caused by " 'a precipitating accidental event ... which was not a risk of the work performed.'"

Continuing to apply the principles first set forth in *McCambridge* and *Lichtenstein*—and reiterated in our subsequent cases—we conclude that substantial evidence supports respondent's determinations that neither petitioner in the cases before us was injured as the result of an "accident" because there were no " 'precipitating accidental event[s] ... which w[ere] not a risk of the work performed.'" It is well settled that "'[s]ubstantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically.'" The standard is not an exacting one; it "is less than a preponderance of the evidence ... [and] demands only that a given inference is reasonable and plausible, not necessarily the most probable." Ultimately, "[r]ationality is what is reviewed under ... the substantial evidence rule." Viewing the records as a whole, respondent's determinations that petitioners did not meet their burden of proving that their incapacitation resulted from an accident sustained in service were rational.

161426/2023   PIROV, AMNUN vs. EDWARD A. CABAN, AS POLICE COMMISSIONER OF THE          Page 7 of 10
CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NEW YORK
CITY POLICE PENSION FUND ET AL
Motion No.  001

7 of 10

In Article 78 proceedings, judicial review of an agency's determination is limited to whether the findings are supported by substantial evidence, and the final determination is rational (*see Canfora v Bd. of Trustees of the Police Pension Fund of the Police Dept. of the City of New York,* 60 NY2d 347, 351-352 [1983]; *Matter of Achille v Laveman*, 224 A.D.3d 744 [2024] [limiting judicial review to whether the determination is arbitrary and capricious or without a rational basis in the administrative record. Once it has been determined that an agency's conclusion has a sound basis in reason . . . the judicial function is at end"]; *Matter of O'Hagan v City of New York*, 226 A.D.3d 1026 [2024] [an action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts]).

Importantly, here, the central question before the court is whether the determination of the Board of Trustees of the Police Pension Fund should be overturned as arbitrary, capricious and unreasonable. *See Canfora v. Board of Trustees,* 60 N.Y.2d 347 (1983) (holding that judicial review of a Board of Trustees' determination is limited, and a court will not disturb such determination unless the Trustees' factual findings were not supported by substantial evidence).

In *Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 N.Y.2d 756 (1996):

> Ordinarily, a Medical Board's disability determination will not be disturbed if the determination is based on substantial evidence. While the quantum of evidence that meets the "substantial" threshold cannot be reduced to a formula, in disability cases the phrase has been construed to require "some credible evidence." "Some credible evidence" strikes a proper balance between deference to the Medical Board and accountability to NYCERS [New York City Employees' Retirement System] members. [internal citations omitted]

Here, Petitioner claims that the speed bump that caused him to fall was broken up and that such defect is depicted in the photo which had been taken by his partner at the time of the incident (NYSCEF Doc. No. 6). The City's contention that the speed bump was not defective is belied by

161426/2023  PIROV, AMNUN vs. EDWARD A. CABAN, AS POLICE COMMISSIONER OF THE
CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NEW YORK
CITY POLICE PENSION FUND ET AL
Motion No.  001

Page 8 of 10

8 of 10

the record and directly refuted by the minutes from the Trustees' own meeting (NYSCEF Doc. No. 21).

In reviewing a picture of the speed bump, Trustee Laugher observed:

**The picture clearly has a defect and this caused a tripping hazard** . . . I have looked at some satellite imagery from Google. I can confirm this picture is the location. However, looking at the picture, I see a speed bump with a divot in the middle that appears to be perhaps from drainage[4] and not broken up as he claims, and to me this looks more like a tripping hazard or a trip, misstep rather than an accident. (emphasis added)

The Google image relied upon by the Trustees was from 2022, two years after the subject incident and the Trustees acknowledged that the speed bump in the picture "may not be the exact speed bump." The court has reviewed the photo (NYSCEF Doc. No. 6) which shows a speed bump that is not typical, but one that has an indent in the middle that runs across the entire bump.

While it is undisputed that walking in a parking lot or driveway is a regular part of a police officer's job, as petitioner correctly argues:

While tripping and falling without any precipitating cause may be a risk of the work performed, falling and injuring himself due to the broken up speed bump with a divot in the middle is not […] The accident in this matter was out of the ordinary and unexpected because tripping and falling on a defective and broken up speed bump […] is not an inherent risk of his employment as a police officer […] A police officer who trips due to a defective broken up speed bump that has a divot in the middle, the existence of which is unrelated to his duties, is said to suffer an accident.

Given the Trustees' own observation that the speed bump had an (unexplained) divot and a visible defect that created a tripping hazard, this court finds that the determination denying petitioner accidental disability retirement lacks a sound basis on the record.

---

[4] The record is devoid of any evidence to support the Trustees' conclusion that the divot was for drainage purposes and not itself a defect in the speed bump..

**161426/2023   PIROV, AMNUN vs. EDWARD A. CABAN, AS POLICE COMMISSIONER OF THE CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND ET AL Motion No. 001**

**Page 9 of 10**

Conclusion

Accordingly, it is hereby:

**ORDERED** that Petitioner Amnun Pirov's petition to annul Respondents' determination rejecting Petitioner's application for Accidental Disability Retirement is **GRANTED** and Respondents are directed to grant Petitioner Accidental Disability Retirement.

**ORDERED** that there being no other applications, this proceeding is closed.

| 4/8/2025 | | | | J. MACHELLE SWEETING, J.S.C. | |
|----------|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |