OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the determination of respondent Board of Trustees of the Police Pension Fund of the Police Department of the City of New York should be reinstated.
In order to obtain accidental disability retirement, petitioner must establish that he suffered physical or mental incapacitation “as a natural and proximate result of an accidental injury received in * * * city-service” (Administrative Code of City of New York, § B18-43.0). The legislative history of the statute indicates that not every line-of- *1012 duty injury will support an award of accidental disability retirement. The express requirement that the employee establish that the line-of-duty injury be incurred as the result of an accident was added in 1940 (see Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman, 52 NY2d 463). Prior to that time, line-of-duty retirement benefits were payable solely upon a determination that the disability was employment related (L 1920, ch 427, § 1, Administrative Code, §§ B18-4.0, B19-4.0).
Although the term “accident” is not specifically defined by the statute, we adopt the commonsense definition of a “sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact” (Johnson Corp. v Indemnity Ins. Co. of North Amer., 6 AD2d 97, 100, affd 7 NY2d 222). (According to this definition, an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury within the meaning of section B18-43.0) (see, e.g., Retirement and Social Security Law, § 363; Matter of Covel v New York State Employees’ Retirement System, 84 AD2d 902, mot for lv to app den 55 NY2d 606; Matter of Panek v Regan, 81 AD2d 738). So, too, the occurrence in question on this appeal involving a back injury sustained while leaning over the hood of an automobile in order to place a summons on the vehicle, cannot be deemed an accidental injury.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.