■ In the Matter of THOMAS M. BARRY, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, ARTICLE II, Appellant. — Judgment, Supreme Court, New York County (Price, J.), entered May 7, 1982, annulling a determination of the board of trustees and directing that petitioner Barry be given an accidental disability pension, reversed, on the law, petition dismissed, and administrative determination, retiring the petitioner on ordinary disability, reinstated, without costs. Petitioner Barry, a police officer, injured his back while alighting from his patrol car in the course of issuing a summons. The board of trustees found that the incident leading to Barry's disability did not constitute an "accident" within the meaning of section B18-43.0 of the Administrative Code of the City of New York. Therefore, in a tie vote, the board retired Barry on an ordinary disability pension. Upon the strength of the then-existing authority (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N. Y., Art. II*, 85 AD2d 931), Special Term reversed and directed that Barry be given an accidental disability pension. Subsequently, the Appellate Division order in *Lichtenstein* was reversed by the Court of Appeals (57 NY2d 1010). In *Lichtenstein*, the police officer had strained his back while placing a summons upon a car. The Court of Appeals found that this was not an accidental injury under section B18-43.0. The facts in the present proceeding are almost identical to those in *Lichtenstein*. Consequently, Special Term's order must be reversed and the administrative determination must be reinstated. Concur — Murphy, P. J., Ross, Carro, Fein and Alexander, JJ.

■ In the Matter of ELIZABETH KELLY, as Administratrix of the Estate of ARTHUR KELLY, Deceased, Respondent, v STATE INSURANCE FUND, Appellant, and ARTHUR R. MARTOCCIA, P. C., as Guardian ad Litem for ARTHUR T. KELLY, Respondent. — Decree, Surrogate's Court, New York County (Midonick, S.), entered on August 10, 1981 and order, Surrogate's Court, New York County (Lambert, S.), entered December 11, 1981, unanimously affirmed for the reasons stated by Lambert, S. Petitioner-respondent shall recover of respondent-appellant $75 costs and disbursements of this appeal. Concur — Murphy, P. J., Sandler, Sullivan, Ross and Asch, JJ.

■ In the Matter of JOHN TOTO, as President of Local 1320, Petitioner, v CITY OF NEW YORK et al., Respondents. — Proceeding for review of determination of respondent Office of Collective Bargaining dated May 20, 1982, withdrawn, with prejudice. No opinion. Concur — Sandler, J. P., Carro, Asch, Silverman and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BELL, Appellant. — Judgment of resentence, Supreme Court, New York County (Dontzin, J.), rendered on November 30, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Kupferman, J. P., Carro, Silverman, Milonas and Kassal, JJ.