OPINION OF THE COURT

Per Curiam.

Petitioners in these article 78 proceedings have suffered disabling injuries during the course of their employment as New York City police officers. The issue in each case is whether the injury was the natural and proximate result of an accidental injury entitling the petitioner to an accident disability pension. The Board of Trustees denied accident disability pensions by a 6-6 vote and awarded ordinary disability pensions.
Petitioner McCambridge was a detective in the New York City Police Department. On November 8, 1979 he *567 was assigned to the Queens County District Attorney’s office. While performing his duties he was sitting at the desk of a Detective Frank when Frank approached the desk to remove some papers from the drawer. Petitioner stood up to move away, placing his hand on Frank’s shoulder to steady himself. Frank unexpectedly moved away from the desk, however, causing petitioner to lose his balance and fall to the floor, twisting his knee as he did so. Surgical repair of the knee ligaments was required and Detective McCambridge is permanently disabled from performing his duties as a result.
Petitioner Knight was a patrolman in the New York City Police Department. On April 15,1979, while performing his duties, petitioner was about to enter his patrol car when he slipped on wet pavement, fell backwards and injured his left elbow. Surgical repair of the elbow was required and Patrolman Knight is permanently disabled from performing his duties as a result. The Medical Board found that the injury was accidentally sustained.
The Appellate Division affirmed judgments dismissing the petition in each case. In Knight the court referred to the language of our decision in Matter of Lichtenstein v Board of Trustees (57 NY2d 1010, 1012) which stated that an injury would not be accidental if it “occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties”. On the basis of that statement, the court found that petitioner had not sustained an accidental injury when he slipped on the pavement because the injury was sustained during the performance of his regular duties and resulted from a risk inherent in the job. The judgment dismissing the petition in McCambridge was affirmed by the Appellate Division on the authority of the court’s ruling in Knight. The error made by the Appellate Division and the dissent is in focusing on the petitioner’s job assignment, not on the precipitating cause of injury.
In order to obtain accident disability retirement, a petitioner must establish that he suffered physical or mental incapacitation “as a natural and proximate result of an accidental injury received in * * * city-service” (Administrative Code of City of New York, § B18-43.0). Not every *568 line of duty injury will result in an award of accident disability. The injury must be the result of a “‘sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’” (Matter of Lichtenstein v Board of Trustees, 57 NY2d 1010, 1012, supra). In each of these claims the injuries were sustained in the line of duty and were accidents within the common sense definition adopted in Lichtenstein. To be distinguished are injuries sustained while performing routine duties but not resulting from unexpected events, e.g., back strains sustained while putting a tire in the trunk of a city vehicle (Matter of Menna v New York City Employees’ Retirement System, 59 NY2d 696), while leaning over to place a ticket on a car (Matter of Lichtenstein v Board of Trustees, while lifting trash cans (Matter of Valentin v Board of Trustees, 59 NY2d 702), or a loss of hearing sustained as a result of practice sessions on the pistol range (Matter of Schussler v Codd, 59 NY2d 698). It is critical to the determination in each of the present cases that there was a precipitating accidental event — in one case the loss of balance and fall to the floor; in the other, the slip on the wet pavement and fall which was not a risk of the work performed, as in Covel (Matter of Covel v New York State Employees’ Retirement System, 84 AD2d 902, mot for lv to app den 55 NY2d 606).
Respondents contend that the court is bound by the decision of the Board of Trustees after a 6-6 vote (see Matter of Canfora v Board of Trustees, 60 NY2d 347; Matter of City of New York v Schoeck, 294 NY 559). The court may set aside a denial of accident benefits, however, when it concludes that the applicant is entitled to them as a matter of law.* In these proceedings, decided by the Board of Trustees before the Lichtenstein decision, the Board applied an erroneous legal standard of accidental injury and therefore its decisions are set aside and both matters remitted to it for determination of the petitioners’ accident disability pension benefits.
Accordingly, in each case the order of the Appellate Division should be reversed, with costs, the petition *569 granted and the matter remitted to Supreme Court, New York County, with directions to remand to respondents for further proceedings in accordance with this opinion (see Matter of McCambridge v McGuire, 94 AD2d 632; Matter of Knight v McGuire, 94 AD2d 623).

 In response to the assertion of the dissent that these cases should be remitted to the Board for its reconsideration of the claims for accident death benefits, it suffices to note that if the Board were to deny the claims we would be obliged to vacate its determination as erroneous. In each case we conclude as a matter of law that there was an accident.