In the Matter of JOSEPH J. CUMMINGS, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

On October 16, 1979, petitioner, employed as a police officer by the Port Authority of New York and New Jersey, observed three males in a restricted area in a bus terminal in New York City. While petitioner, along with a fellow officer, was questioning the suspects, he noticed a large bulge in one of the suspect's

back pocket. A "pat down" revealed a large knife which petitioner removed from the suspect's pocket while simultaneously informing the suspect that he was under arrest. The arrestee began to run away, with petitioner and his fellow officer in pursuit. During the chase, the pursued individual turned and pointed a gun at the other officer, and, later in the chase, turned again and pointed the gun at a lieutenant who had joined in the pursuit. On neither occasion was the gun fired. After the individual was apprehended and placed in a patrol car, he said that he had twice attempted to shoot but that the gun had misfired.

On December 12, 1980, petitioner filed an application for accidental disability retirement with the New York State Policemen's and Firemen's Retirement System. The application stated that while on duty on October 16, 1979, petitioner witnessed the near death of his partner and that the experience caused him to suffer a posttraumatic disorder requiring psychiatric treatment. On May 14, 1981, the Comptroller disapproved petitioner's application and found that the incident did not constitute an accident within the meaning of that term as used in section 363 of the Retirement and Social Security Law. After a hearing, the Comptroller adhered to his original position. Petitioner commenced this CPLR article 78 proceeding to review that determination.* It has been transferred to this court by order of Special Term.

This court has consistently held that if an injury is sustained during the course of an employee's regular duties and results from a risk inherent in the task performed, the Comptroller's determination denying benefits on the ground that the employee did not sustain an accident within the meaning of section 363 of the Retirement and Social Security Law will be upheld (see *Matter of Cavarretta v Regan,* 86 AD2d 706; *Matter of Deos v Levitt,* 62 AD2d 1121). Here, the chase that resulted in the two traumatic incidents of potential death to two of petitioner's fellow officers "resulted from petitioner's expected and foreseeable duties and were not accidental in nature" (*Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* Respondents moved to dismiss the CPLR article 78 proceeding on the ground of timeliness (CPLR 217). The motion was denied. On this appeal, respondents are not pursuing this issue.