■ In the Matter of EDWARD FINNEGAN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

On January 9, 1980, petitioner, formerly a fireman with the City of Buffalo Fire Department, filed an application for accidental disability retirement benefits as a result of an alleged accident which occurred in the course of his employment on June 29, 1979. By determination dated October 14, 1980, the application was denied on the ground that petitioner was not incapacitated from the performance of duty as a result of an accident. Petitioner filed a timely request for a hearing.

Petitioner established that he was a passenger in a fire truck on June 29, 1979 that was parked in the fire station after returning from a fire and that he slipped and fell from the vehicle while alighting therefrom, injuring both feet. At

various times he stated that he stepped on hose butts that were lying on the floor drying, that his arm had gone numb and would not support him, causing his fall, that he had a slight heart attack and that he experienced pains in his chest. When respondent objected to this testimony on the ground that petitioner's application made no reference to a heart attack related disability, petitioner made no effort to document his reference to a heart attack. Contrary to petitioner's testimony were several doctor's reports that stated that the injury occurred when "patient stepped on hose butts" and that petitioner "was experiencing pain in both feet as a result of a fall from a fire truck on June 29, 1979". The hearing officer found that petitioner had not met his burden of proof as to an accident within the meaning of Retirement and Social Security Law § 363. This transferred CPLR article 78 proceeding ensued.

An accident within the meaning of Retirement and Social Security Law § 363 is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222; *see, Matter of Rowe v Regan,* 107 AD2d 967, 968). Accidental injuries are to be distinguished from "injuries sustained while performing routine duties but not resulting from unexpected events" *(Matter of McCambridge v McGuire,* 62 NY2d 563, 568). Respondent's determination that an incident was not fortuitous, and therefore not an accident, may not be disturbed if the determination is supported by substantial evidence *(Matter of Sheehan v Regan,* 84 AD2d 604, 605). Petitioner has the burden of proving that there was an accident within the meaning of the statute *(supra).*

Application of these principles to the factual pattern herein requires that respondent's determination be confirmed. Respondent reasonably concluded from the contradictions within petitioner's descriptions of the accident and the description of the incident in the doctors' reports that there was no fortuitous, unexpected aspect to the incident and that petitioner was performing a routine duty when he was injured. Contradictions between written versions of an incident and oral testimony at a hearing raise factual questions of credibility which are exclusively the prerogative of respondent to resolve *(Matter of Fabiano v Regan,* 88 AD2d 687, 688).

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.