■ In the Matter of RICHARD M. PRATT, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at

Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

On October 17, 1979, petitioner, employed as a fireman by the City of Rochester Fire Department, injured his left knee exiting a fire truck while responding to an emergency assistance call. He eventually required surgery and returned to light duty. On August 10, 1983, petitioner filed an application for accidental disability retirement benefits with the New York State Policemen's and Firemen's Retirement System. After a hearing, respondent disapproved the application, finding that the incident of October 17, 1979 did not constitute an accident within the context of Retirement and Social Security Law § 363. This CPLR article 78 proceeding was commenced to review that determination.

The case of *Matter of McCambridge v McGuire* (62 NY2d 563) instructs that our focus in resolving this dispute is not "on the petitioner's job assignment [but rather] on the precipitating cause of injury" *(supra,* at p 567; *see, Matter of Rowe v Regan,* 107 AD2d 967, 968). An injury emanating from risks inherent in an employee's regular duties does not constitute an accident for present purposes *(see, Matter of Cummings v Regan,* 107 AD2d 968, 969). The precipitating event must be "unexpected in nature" *(Matter of Rowe v Regan, supra,* p 968). At the hearing, petitioner testified that he had 27 years of experience in driving fire trucks, that he never had any previous difficulty getting into or out of a truck and that he was fully familiar with the truck he was driving on October 17, 1979. In describing the incident, petitioner noted that he was exiting the vehicle at normal speed and wearing the Fire Department's approved safety shoes, but caught his right heel on the running board, lost his balance and came down on his left leg. His battalion chief observed that petitioner fell in a pothole 10 to 12 inches deep. Given this description, it becomes clear that petitioner's injury did not result from any unusual or unexpected event, but rather from his own misstep in the routine process of exiting the fire truck. Unlike the factual scenario in *McCambridge* and *Rowe,* there was no intervening cause that precipitated the incident, such as wet pavement or the unexpected loss of support. Here, the day was dry and clear. Accordingly, respondent's determination that petitioner had not sustained an accident within the meaning of Retirement and Social Security Law § 363 is supported by substantial evidence and should be confirmed.

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.