■ In the Matter of RICHARD BEACHY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at

Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a police officer with the New York State Park Police in the Niagara Falls area. For the past 16 years, he has regularly participated as a contestant in an annual tug-of-war contest on the Rainbow Bridge, an event initiating the tourist season at Niagara Falls, between a team of American local police officers and a team of their Canadian counterparts. Each year, petitioner was given a special assignment to participate, which entailed not only the time spent in the actual contest but also weekly practice sessions for about a month before the scheduled event, and he received his regular pay for such activities.

Petitioner's present claim for accidental disability retirement benefits is for a back injury which he sustained while engaged in the tug-of-war contest on May 7, 1983. Respondent determined that the May 7, 1983 incident during which petitioner's injury was incurred did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and, therefore, denied petitioner's application for benefits.

The determination should be confirmed. In the opening statement made in petitioner's behalf at the hearing, it was asserted that the incident on May 7, 1983 was in the ordinary course of petitioner's particular duties as a park police officer assigned to the Niagara Falls area and that "it was not unusual for him to perform this type of duty in his last 17 years as a Parks Police Officer". The hearing officer rejected petitioner's testimony that his injury occurred as a result of a fall while exerting himself during the contest. This was purely an issue of credibility, the resolution of which was supported in the record in that no fall was mentioned by petitioner in more contemporaneous reports of the incident.

Whether or not the injury was incurred solely as a result of petitioner's exertions during the contest, as found by the hearing officer, or from a combination of those exertions and a consequential fall, as testified to by petitioner, the record nevertheless supports respondent's determination that no accident occurred. Both versions of the precipitating cause of the injury were, from petitioner's own testimony, normally to be expected events in the tug-of-war contest and were thus risks inherent in petitioner's assigned duties at the time. Under the current criteria for determining whether an accidental injury

has occurred for disability retirement purposes, there was thus a sufficient evidentiary basis for the denial of accidental disability retirement benefits (see, Matter of McCambridge v McGuire, 62 NY2d 563, 567-568; Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1012; Matter of Pratt v Regan, 117 AD2d 848; Matter of Cummings v Regan, 107 AD2d 968, 969).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.