■ In the Matter of ANTHONY J. GALIOTO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, an employee of the Port of New York Authority, filed an application for accidental disability retirement benefits with respondent on June 13, 1983. On October 19, 1983, respondent denied petitioner's application on the ground that the incident from which petitioner claimed he was disabled was not an "accident" within the meaning of the Retirement and Social Security Law. Petitioner filed a timely request for a hearing.

Petitioner testified that in 1969, while he was employed by the Port Authority as a supervisor of traffic engineering, he attended a sensitivity training program given by the Personnel Research and Development Corporation in Cleveland, Ohio, believing it would help him get along better with people and be more effective in his work. While participating in the program petitioner experienced hallucinations and delusions. He returned home and reported to the medical department at work where he was given a cardiogram, which a doctor informed him was normal. About 18 months later, petitioner

attended a similar program which included elements of sensitivity training that induced symptoms similar to those he had experienced in 1969. As a result of this second experience, petitioner lost total functioning ability and underwent continuous treatment by a psychiatrist. He became convinced that his condition was permanent and claimed that it was caused by stress from the sensitivity training.

On November 10, 1984, respondent issued a final determination denying petitioner's application. Respondent concluded that petitioner had not suffered an accident within the meaning of the Retirement and Social Security Law. Petitioner commenced this CPLR article 78 proceeding to review such determination. After issue was joined, Special Term transferred the proceeding to this court.

Resolution of the issue presented herein requires an interpretation of the term " 'accident' " as used in the Retirement and Social Security Law. An accident within the meaning of the statute is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (Matter of Lichenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1012, quoting Johnson Corp. v Indemnity Ins. Co., 6 AD2d 97, 100, affd 7 NY2d 222; see, Matter of Finnegan v Regan, 116 AD2d 878, 879). Accidental injuries are to be distinguished from "injuries sustained while performing routine duties but not resulting from unexpected events" (Matter of McCambridge v McGuire, 62 NY2d 563, 568). An injury emanating from risks inherent in an employee's regular duties does not constitute an accident (Matter of Cummings v Regan, 107 AD2d 968, 969). Respondent's determination that an incident was not fortuitous, and therefore not an accident, may not be disturbed if the determination is supported by substantial evidence (Matter of Sheehan v Regan, 84 AD2d 604, 605). Petitioner has the burden of establishing that there was an accident within the meaning of the statute (Matter of Finnegan v Regan, supra).

Application of these principles to the factual pattern herein requires that respondent's determination be confirmed. Petitioner attended the sensitivity training program in hopes of improving his regular job skills. There is nothing in the record to indicate that the program methodology was not directed at improving those skills or that it was without scientific foundation. The fact that petitioner had an adverse stress reaction does not make the training program a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact". Thus, we cannot stretch the commonsense meaning

of the word "accident" so as to conclude that petitioner's disability was accidental within the meaning of the Retirement and Social Security Law.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.