■ In the Matter of DAVID M. BOUDREAU, Petitioner, v

EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a traffic light repairman, injured his back in an incident occurring on October 20, 1983 when called to repair a traffic light. As he alighted from his truck, his foot stepped on a bottle lying on the ground. Petitioner seized the steering wheel to steady himself, twisting his back and injuring it. Later, petitioner also contended that his back struck the truck body resulting in a herniated disc and his disability.

Respondent Comptroller found that the injury sustained by petitioner was not caused by an "accident" within the meaning of Retirement and Social Security Law § 605. In adopting the Hearing Officer's findings, the Comptroller found that petitioner injured himself by twisting his back rather than by hitting the vehicle and that the injury occurred as a result of a risk inherent in his job activities.

The Comptroller's determination must be annulled on constraint of *Matter of Pratt v Regan* (68 NY2d 746). In *Pratt,* a fireman was injured while exiting a fire truck when he caught his heel on the running board, lost his balance and came down on his left leg in a pothole. The Comptroller determined that the incident did not constitute an accident and this court confirmed the determination, finding a rational basis in that "petitioner's injury did not result from any unusual or unexpected event, but rather from his own misstep in the routine process of exiting the fire truck" *(Matter of Pratt v Regan,* 117 AD2d 848, 849, *revd* 68 NY2d 746). The Court of Appeals reversed upon the rationale that "[c]atching a heel on a running board and thus losing balance may be a risk of the work performed, but coming down hard upon the other foot in a pothole is not. Thus, it was a sudden, unexpected event" *(Matter of Pratt v Regan,* 68 NY2d 746, 747-748, *supra).*

The Court of Appeals found that the incident in *Pratt* constituted an accident as a matter of law *(supra,* at 747). In each case, the petitioner sustained an injury when, in the normal course of his duties, ·he stepped down from a truck into or onto a hazardous condition, the existence of which was totally unrelated to his employment. Petitioner's injury therefore must also be viewed as having resulted from "a sudden, unexpected event" *(supra,* at 747-748).

Determination annulled, with costs, petition granted and matter remitted to respondents for further proceedings not inconsistent herewith. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.