■ In the Matter of JERRY R. CARAMANTE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York,

Respondent.—Weiss, J.

On September 22, 1982, petitioner, a sergeant in the City of Rochester Police Department assigned to internal affairs, injured his back while attempting to move his desk. In so doing, he sustained a ruptured disc and was required to undergo surgery. Thereafter, following a hearing, respondent denied petitioner's application for accidental disability retirement benefits, finding that the September 22 incident was not an accident within the meaning of Retirement and Social Security Law § 363. This CPLR article 78 proceeding ensued.

The determination should be confirmed. As the Court of Appeals has instructed, our focus is not on petitioner's job assignment, but upon the precipitating cause of injury *(see, Matter of McCambridge v McGuire,* 62 NY2d 563, 567). The injury must emanate from a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222; *Matter of Rowe v Regan,* 107 AD2d 967, 968). At the hearing, petitioner testified that, on the day in question, workers placed a partition next to his desk, cutting off access to a file cabinet. Because the floor was carpeted, petitioner invoked assistance from Sergeant Joseph Cimino in pushing the desk aside. Petitioner did not summon custodial assistance because that would have caused an extensive delay. Petitioner testified that "I figured two seconds, get it out of the way and solve the problem". On petitioner's initial attempt to "shove" the desk, the injury occurred. Petitioner explained that due to a prior back injury, he had never previously attempted to move the desk or do other heavy lifting. Cimino corroborated petitioner's description of the incident and, in his corrected statement, further explained that while petitioner did not assist in moving desks, he and several other sergeants from internal affairs had previously done so.

In our view, the September 22 incident does not qualify as an accident *(see, Matter of McCambridge v McGuire, supra,* at 567-568; *Matter of Chambers v Regan,* 125 AD2d 920; *Matter of Beachy v Regan,* 119 AD2d 967, *lv denied* 68 NY2d 604; *Matter of Finnegan v Regan,* 116 AD2d 878). The injury did not emanate from an unforeseen, accidental event, but was

precipitated by petitioner's own physical exertion in voluntarily attempting a task routinely performed by other officers in his unit. The determination is supported by substantial evidence and we, accordingly, confirm.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.