■ In the Matter of RONALD G. MALENDA, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as an agent for the Waterfront Commission of New York Harbor (hereinafter Harbor Commission). In October 1981, while working undercover as an owner-operator of a fictitious trucking firm, he injured his left elbow while lifting bales weighing 200 to 300 pounds onto his truck. Approximately 2½ years later, petitioner left employment with the Harbor Commission and sought treatment for psychological problems brought on by the pressure of his job. He then applied for accidental disability retirement benefits under Retirement and Social Security Law § 363, citing mental problems and the injury to his elbow. Following a hearing, respondent determined that the incidents complained of did not constitute accidents within the meaning of the statute. This CPLR article 78 proceeding, initiated by petitioner, ensued.

To qualify for benefits under Retirement and Social Security Law § 363, petitioner's disability must arise out of an accident that occurred in the course of performing his duties. For this purpose, an accident is a sudden, unusual happening, injurious on impact *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund*, 57 NY2d 1010, 1012), usually due to a hazardous condition, the existence of which is unrelated to one's employment *(Matter of Boudreau v Regan*, 129 AD2d 846, 847). "[I]njuries sustained while performing routine duties but not resulting from unexpected events" are not accidental injuries *(Matter of McCambridge v McGuire*, 62 NY2d 563, 568).

In the case at hand, respondent's determination is amply supported by the record. Petitioner's elbow injury emanated from lifting and carrying cargo, a routine duty in the course of acting as an owner-operator of a trucking company. Petitioner acknowledged that to be a regular part of his job and

returned to the activity six months after the injury occurred. An injury such as petitioner suffered is inborn in the exertion required to load and unload 200- to 300-pound bales; it cannot be said, therefore, that it was due to an accident *(see, Matter of Chambers v Regan,* 125 AD2d 920, 921).

Nor can petitioner's psychological problems be characterized as an accident in this case. Petitioner adverts to no precipitating accidental event from which this disability arose. Rather, the psychological difficulties petitioner purportedly experiences are apparently due to the stress inherent in his job as an undercover agent *(see, Matter of Galioto v Regan,* 126 AD2d 880, 881).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.