■ In the Matter of JAMES ECHOLS, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents.—Weiss, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a staff dentist at Kings Park Psychiatric Center in Suffolk County, was injured while extracting a tooth from a patient who had been referred from his ward for treatment. At a critical point in an otherwise uneventful extraction of three abscessed teeth, the patient suddenly and unexpectedly jerked and twisted his head and body away from petitioner, pulling petitioner across the chair and resulting in the injury. The first two teeth had been removed without incident. There was no written indication of any behavioral problems or unusual circumstances which would have been appropriate if the patient had a history of problems. The patient cooperated and had been administered local anesthesia and was tested by several methods to ensure that there was no pain. Petitioner and the dental assistant both testified that they did not believe the patient felt pain, and other than the described abnormal movement, there was no indication of pain. Neither petitioner, who had 22 years of service at the facility, nor the dental assistant, who had 20 years of service at the facility, had ever seen such behavior.

Petitioner's version of the event was unchallenged and fully corroborated. Respondent Comptroller concluded that the injury was the result of a risk inherent in the ordinary course of petitioner's regular duties and denied accidental disability retirement benefits. Petitioner has challenged the determination as being affected by an error of law and not supported by substantial evidence.

"Although the term 'accident' is not specifically defined by * * * statute", the Court of Appeals has adopted a "common-sense definition of a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57

NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222). Critical to the determination is the precipitating accidental event *(see, Matter of McCambridge v McGuire,* 62 NY2d 563, 568), which must be unexpected *(see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund, supra,* at 1012; *Matter of Caramante v Regan,* 129 AD2d 850, 851, *lv denied* 69 NY2d 611). The uncontroverted evidence clearly establishes the unusual and unexpected nature of the patient's action as the precipitating cause of the injury, and that the risk of such action was not an inherent risk in the ordinary performance of petitioner's regular duties as a dentist.

Petitioner's situation is not dissimilar to that of a police officer, who slipped on wet pavement as he was about to enter his patrol car *(see, Matter of McCambridge v McGuire, supra),* or to a detective, who while getting up from a desk and steadying himself on another officer's shoulder fell and was injured when that officer moved away *(see, supra),* or to a fireman, who sustained injury when his right heel caught on the running board while exiting a fire-truck, lost his balance and came down hard on his left leg in a pothole *(see, Matter of Pratt v Regan,* 68 NY2d 746). The injury in this case is to be distinguished from injuries resulting from the ordinary performance of routine job duties which are not the result of unexpected events *(see, Matter of McCambridge v McGuire, supra,* at 568), such as injuring a back while pushing a desk *(see, Matter of Caramante v Regan, supra),* sustaining a back injury in a formally sponsored team tug-of-war contest, where the time spent on the special assignment for practice was on regular pay *(see, Matter of Beachy v Regan,* 119 AD2d 967, *lv denied* 68 NY2d 604), or a back injury while placing a parking ticket on a car *(see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund, supra).*

Accordingly, we find that the record does not contain substantial evidence to support the determination denying the application for accidental disability retirement benefits and that the Comptroller has applied an erroneous standard in finding that the sudden and unexpected precipitating event was an inherent risk of petitioner's ordinary duties and was not an accident.

Determination annulled, with costs, petition granted, and matter remitted to respondents for further proceedings not inconsistent with this court's decision. Weiss, J. P., Mercure and Harvey, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to confirm in

a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

The issue here is whether petitioner's injury was the natural and proximate result of an accidental injury entitling him to an accident disability pension. The injury must be the result of a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222). Petitioner was injured when pulled to the left by the sudden jerking movement of the patient's head whose tooth was being extracted. Petitioner felt immediate pain from the hyperextension of his right shoulder and arm.

Respondent Comptroller found that the movement of the patient's head was not an accident but, rather, a risk inherent in petitioner's occupation. Thus, there was no precipitating accidental event entitling petitioner to accidental disability benefits. The Comptroller's determination is in keeping with current criteria *(see, Matter of Menna v New York City Employees' Retirement Sys.,* 59 NY2d 696; *Matter of Beachy v Regan,* 119 AD2d 967, 968, *lv denied* 68 NY2d 604). There were sufficient evidentiary bases for the denial of accident disability retirement benefits. The Comptroller's determination should therefore be confirmed and the petition dismissed.