■ In the Matter of CARL WALLER, Appellant, v RICHARD KILEY, as Chairman of the Manhattan and Bronx Surface Transit Operating Authority, et al., Respondents.—Judgment, Supreme Court, New York County (David H. Edwards, Jr., J.), entered April 2, 1991, which denied and dismissed a petition, brought pursuant to CPLR article 78, to annul a determination of the respondents, dated August 30, 1990, denying petitioner's application for accidental disability retirement, is unanimously reversed, on the law and on the facts, judgment vacated, petition reinstated and granted, and the matter remanded for further proceedings not inconsistent with this decision, and order, without costs.

Mr. Carl Waller, aged 69, employed by the Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), as Hearing Administrator for the Workers' Compensation Unit of the General Counsel's Office, claims that, on or about February 4, 1988, while walking in an aisle of a MABSTOA office with the Director of Claims, his foot became entangled in the base of a chair, protruding in the aisle, causing him to fall. It is undisputed that, as a result of that fall, Mr. Waller suffered a permanently disabling injury to his lumbar spine.

Thereafter, on the basis of that injury, in January 1990, Mr. Waller applied for accidental disability retirement, and, by letter, dated August 30, 1990, MABSTOA denied the application.

In November 1990, Mr. Waller (petitioner) instituted, pursuant to the provisions of CPLR article 78, a proceeding against MABSTOA and related defendants (respondents) to annul the August 30, 1990 determination, denying him accidental disability retirement benefits, and for related relief. By judgment, entered April 2, 1991, the Trial Court denied and dismissed that petition. Petitioner appeals.

The Court of Appeals, in *Matter of McCambridge v McGuire* (62 NY2d 563, 567-568 [1984]), held "Not every line of duty injury will result in an award of accident disability. The injury must be the result of a ' "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" ' *(Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012 * * *)". Applying that legal authority to the instant facts, we find that petitioner suffered an accidental injury,

since said injury resulted from "a sudden, unexpected event" *(Matter of Pratt v Regan,* 68 NY2d 746, 747-748 [1986]).

Accordingly, we reverse, and grant the petition. Concur— Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.