■ In the Matter of THOMAS DERING, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

On June 1, 1989, a City of Yonkers firefighter filed an application for accidental disability retirement benefits claiming that he injured his right knee in a fall from a ladder at a fire scene on March 31, 1972. Respondent Comptroller found that the injury occurred when petitioner misstepped on a ladder and concluded that the incident was a risk inherent in petitioner's occupation and did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Petitioner commenced this proceeding contending that the determination is not supported by substantial evidence in the record.

The determination must be confirmed. A report by petitioner's co-worker indicates that he observed petitioner "slip off the ladder and fall to the ground" at the fire scene. This report provides an evidentiary basis to support the finding that petitioner's fall was the result of a misstep which is a risk inherent in the duties of a firefighter at the scene of a fire *(see, Matter of Chambers v Regan,* 125 AD2d 920; *Matter of Finnegan v Regan,* 116 AD2d 878).

Petitioner contends that his misstep was the result of an unusual shift in the ladder which was a precipitating acciden-

tal event, not an inherent risk of the work performed *(see, Matter of McCambridge v McGuire,* 62 NY2d 563, 568). The Comptroller was not required to accept this explanation as determinative of the facts, particularly in the absence of any reference to a ladder shift in the report by petitioner's co-worker, who was present holding and bracing the ladder.* The issue is one of credibility to be resolved by the Comptroller *(see, Matter of Ramseur v Regan,* 154 AD2d 869). The determination was supported by substantial evidence and should not be disturbed *(see, Matter of Finnegan v Regan, supra,* at 879).

Mahoney, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.

FOURTH DEPARTMENT, NOVEMBER, 1991

(November 15, 1991)

---

* Petitioner's 1989 application for accidental disability retirement benefits contained a sworn description of the fall. Petitioner averred that "[c]oming down ladder, in the course of fighting a house fire, I slipped off and fell to the ground, twisting my right knee as I hit the ground". This was admitted into evidence solely to show that the application was filed and not as proof of the contents contained therein.