■ In the Matter of KEVIN KEHOE, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment of the Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about November 7, 1991, which, *inter alia,* dismissed this CPLR article 78 petition seeking to set aside the determination of respondent Board of Trustees of the New York City Employees' Retirement System denying petitioner's application for accident disability retirement, unanimously affirmed, without costs.

The IAS Court properly concluded that the Board's determination was rationally based. When the nature of the incident that caused injury is "reasonably within the risk of the work performed and, as such, it cannot be construed as a sudden and unexpected event", accident disability benefits under Administrative Code of the City of New York § 13-168 are not to be granted *(Matter of Ortiz v New York City Employees' Retirement Sys.,* 173 AD2d 237, 238, *lv denied* 78 NY2d 864). Here, it is not disputed that cleaning the hopper of the sanitation truck was a part of petitioner's routine duties as an employee of the Sanitation Department and the incident was not the kind of "sudden and unexpected" event that constitutes an accident. *(Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010.)* Rather, the occurrence was reasonably within the risk of the work performed. Concur—Ellerin, J. P., Wallach, Ross and Kassal, JJ.