■ In the Matter of ROBERT A. MAZUR, Petitioner, v EDWARD V. REGAN, as State Comptroller for the New York State Employees' Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

We find substantial evidence in the record to support respondent's conclusion that petitioner failed to sustain his burden of proving that he was permanently incapacitated from performing his duties as the natural and proximate result of his February 1982 accident *(see, Matter of DiFede v Regan,* 130 AD2d 832). The testimony of petitioner's medical expert and that of the State and Local Employees' Retirement System differed with respect to both the cause of petitioner's present physical condition and whether he could perform his duties. This matter presents nothing more than the classic conflict in medical testimony which this Court has consistently held is within the exclusive authority vested in respondent to evaluate and resolve *(Matter of Ramseur v Regan,* 154 AD2d 869, 870; *Matter of Leone v Regan,* 146 AD2d 869, 870), and he was free to accord more weight to the testimony of one expert rather than another *(see, Matter of Shannon v Regan,* 180 AD2d 862; *see also, Matter of McGrath v Regan,* 109 AD2d 1007).

We turn next to petitioner's claim that an accident occurred on August 14, 1987 due to unrealistic work demands which resulted in his suffering an adjustment disorder. The fact that petitioner may be disabled from performing his duties as a tax auditor because of psychological problems does not mean that these problems were the result of an accident. Under Retirement and Social Security Law § 63 (a) (1), the disability must be caused by an accident occurring in the course of an employee performing his duties. As we have stated, an accident is "a sudden, unusual happening, injurious on impact * * * [and] usually due to a hazardous condition, the existence of which is unrelated to one's employment" *(Matter of Malenda v Regan,* 134 AD2d 808). Here, the record does not show that anything out of the ordinary happened at work on the day in issue. Petitioner's psychiatrist testified that one particular event did not cause petitioner's psychological problems and that they were a reaction to his job. An injury emanating from risks inherent in an employee's assigned duties does not constitute an accident *(see, Matter of Cummings v Regan,* 107 AD2d 968). We therefore find substantial evidence to support respondent's conclusion that the testimony of petitioner's psychiatrist related to his emotional problems and stress at work and did not provide a basis for a claim of disability related to an accident *(see, Matter of Galioto v Regan,* 126 AD2d 880). Petitioner's remaining contentions have been considered and rejected for lack of merit.

Weiss, P. J., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.