■ In the Matter of STEPHANIE SMITH, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS, Respondent. [605 NYS2d 429] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, inter alia, review a determination of the Comptroller which denied petitioner's applications for accidental disability retirement benefits and ordinary disability retirement benefits.

In March 1981, petitioner, a taxpayer services representative employed by the Department of Taxation and Finance, injured her back while bending over to obtain some forms which were lying on the floor in a box. The resultant disc and nerve injuries were responsible for a steady decline in petitioner's attendance to the point where she ultimately was terminated from her job, effective November 30, 1989, for absences due to a work-related disability. Petitioner then made successive applications for both accidental and ordinary disability retirement benefits. Both were denied, the accidental disability request on the ground that the March 1981 incident was not an accident within the meaning of Retirement and Security Law § 63 and the ordinary disability claim because it was untimely, having been filed on June 15, 1990, approximately six months after petitioner's termination date

*(see,* Retirement and Social Security Law § 62). Subsequently, petitioner challenged both determinations and, following a hearing, the Comptroller denied both requests. This CPLR article 78 proceeding was then instituted to review the determination. Supreme Court dismissed that portion of the petition challenging denial of the ordinary disability retirement application, concluding that it was indeed untimely, and transferred to this Court that portion of the petition challenging denial of the accidental disability retirement application because it raised a substantial evidence question.

We confirm. Petitioner concedes that her ordinary disability retirement application was filed more than 90 days after her termination from State service and thus was untimely (Retirement and Social Security Law § 62 [aa]; *see, Matter of Champagne v Regan,* 191 AD2d 895; *Matter of Williams v Regan,* 145 AD2d 884, 885). She argues, however, that respondent is estopped from questioning the timeliness of her application because the delay was predicated upon the erroneous advice given to her by one of respondent's employees. We disagree. While admittedly a narrow exception exists to the general rule precluding the availability of estoppel against a governmental agency in the exercise of its governmental functions for situations involving unusual factual circumstances *(see, Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33; *Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 93, n 1; *Matter of Schwartz v Crosson,* 165 AD2d 147, 149), it is well established that erroneous advice given by an employee of a governmental agency is not considered to rise to the level of an unusual circumstance *(see, Matter of Champagne v Regan, supra; Matter of Limongelli v New York State Employees' Retirement Sys.,* 173 AD2d 904, 906; *Matter of Callace v New York State Employees' Retirement Sys.,* 140 AD2d 756, 757-758, *lv denied* 72 NY2d 806; *Matter of Burns v Regan,* 87 AD2d 944, 946, *appeals dismissed* 57 NY2d 954).

Regarding the accidental disability retirement application, we find respondent's determination that petitioner did not sustain an accident to be supported by substantial evidence. As evolved, an accident within the meaning of Retirement and Social Security Law § 63 contemplates a sudden fortuitous mischance which is out of the ordinary and injurious in impact *(see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept.,* 57 NY2d 1010, 1012; *Matter of McCambridge v McGuire,* 62 NY2d 563, 567-568; *Matter of Larocco v New York State Comptroller,* 186 AD2d 342). A fortiori, an injury which occurs without an unexpected

event as the result of an act undertaken in the performance of ordinary employment duties is not an accidental injury *(supra)*. Here, in her application for accidental disability retirement benefits petitioner described her injury as "caused while lifting tax forms out of a carton". Under the foregoing precedent, because such injury emanates from physical exertion occasioned in the performance of petitioner's regular duties and is not accompanied by any unexpected event, the incident does not constitute an accident *(see, Matter of McCambridge v McGuire, supra; Matter of Odierno v Regan,* 135 AD2d 898; *Matter of Caramante v Regan,* 129 AD2d 850, *lv denied* 69 NY2d 611; *Matter of Chambers v Regan,* 125 AD2d 920; *Matter of Beachy v Regan,* 119 AD2d 967, *lv denied* 68 NY2d 604; *Matter of Atkins v Regan,* 84 AD2d 619). Petitioner's testimony that her injury occurred when she slipped and fell against a counter was inconsistent with the description of the accident contained in her application and at variance with the hearing testimony of a co-worker and, as such, merely presented a credibility issue for the Comptroller's determination.

Weiss, P. J., Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.