■ In the Matter of ALFRED BALDUZZI, Petitioner, v H. CARL McCALL, as New York State Comptroller, Respondent. [631 NYS2d 943] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, formerly employed as a laborer by the Village of Solvay Highway Department in Onondaga County, broke his leg and ankle when he fell down a flight of stairs at the Solvay Public Library. The fall, which happened as petitioner was proceeding to a basement room where he was to assist a carpenter with the installation of new paneling, apparently occurred when his heel caught on part of a non-skid stair tread that was in poor condition, and had been partially covered with duct tape. Petitioner maintains that denial of his claim for accidental disability retirement benefits, on the ground that he had not proven the injury was the result of an "accident" within the meaning of Retirement and Social Security Law § 605, is arbitrary, capricious and an error of law.

We agree. Where, as here, an injury results, not solely from the employee's performance of an activity that is an inherent part of his or her job—as, for example, from reaching, lifting or jumping that is necessary to complete the work assigned (*compare, Matter of Lichtenstein v Board of Trustees of Police*

*Pension Fund*, 57 NY2d 1010, 1012; *Matter of Johnson v New York State Employees' Retirement Sys.*, 151 AD2d 915, 916-917; *Matter of Malenda v Regan*, 134 AD2d 808, 808-809; *Matter of Beachy v Regan*, 119 AD2d 967, 968, *lv denied* 68 NY2d 604; *Matter of Cummings v Regan*, 107 AD2d 968, 969)—but from a sudden, unexpected and fortuitous "mischance", unrelated to the ordinary risks of the job, that occurs while the employee is carrying out his or her duties, the injury is considered an accidental one (*see, Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568; *Matter of Waller v Kiley*, 176 AD2d 594, 594-595). The event causing petitioner's fall—his heel catching on a defective stair tread while walking to the room in which he was to work—cannot be said to have arisen from a natural risk of the type of work he was performing. As in *Matter of McCambridge v McGuire* (*supra*, at 568), where the wet pavement on which a police officer fell while entering his patrol car was held to constitute the sort of fortuitous circumstance necessary to render the resulting injury "accidental", the stair tread that precipitated petitioner's fall was in no way related to his employment; it merely furnished the occasion for the occurrence.

The record provides no basis for respondent's finding that petitioner's injury was caused solely by his "misstep", rather than by the defective condition of the tread itself, which, he testified, caused him to lose his balance. This case is not distinguishable, in any material respect, from other reported instances in which the defective condition of the surface on which a claimant stepped, walked or landed, which was not inherent in the job undertaken (*compare, Matter of Seim v Regan*, 191 AD2d 931, 932; *Matter of Dering v Regan*, 177 AD2d 931, *lv denied* 80 NY2d 751; *Matter of Covel v New York State Employees' Retirement Sys.*, 84 AD2d 902, *lv denied* 55 NY2d 606), caused an unexpected fall, and the injury sustained was held to be the result of an accident within the meaning of the statute (*see, Matter of Pratt v Regan*, 68 NY2d 746, 747; *Matter of McCambridge v McGuire, supra*, at 567; *Matter of Sullivan v Regan*, 133 AD2d 993, 994; *Matter of Boudreau v Regan*, 129 AD2d 846, 847). Accordingly, the determination must be annulled and the petition granted.

Mikoll, J. P., Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.