■ In the Matter of PATRICIA BENSMAN, as Executrix of ROBERT BENSMAN, Deceased, Petitioner, v MICHAEL WEINER, as Com-

missioner of Erie County Department of Social Services, et al., Respondents. [821 NYS2d 341]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John A. Michalek, J.], entered March 15, 2006) to review a determination denying petitioner's application for Medicaid benefits for decedent.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In August 2002, petitioner's decedent became a resident of a nursing facility in Amherst, New York. On October 11, 2002, decedent's daughter, Janet Bensman (Bensman), applied for medical assistance (see Social Services Law § 366 [1] [a] [5]) on decedent's behalf. Respondent Commissioner of Erie County Department of Social Services (DSS) denied the application, finding that decedent had made certain uncompensated asset transfers (see 18 NYCRR 360-4.4 [c] [2] [ii]). DSS also denied the application based on the failure of decedent to provide certain documents necessary to determine his eligibility for benefits. On February 6, 2003, Bensman spoke with an employee of DSS about the denial and was allegedly advised that, if the transferred assets were returned to decedent, the asset transfers would be disregarded and there would be no sanction. Petitioner contends that decedent relied on that advice and therefore did not timely request a fair hearing to challenge the denial. In March 2003, the assets were returned to decedent.

On May 8, 2003, Bensman reapplied for medical assistance on behalf of decedent. On June 3, 2004, DSS granted the application and covered all benefits and services, retroactive to February 1, 2003. On July 26, 2004, Bensman requested a fair hearing to appeal the determination, arguing that the effective date of coverage should have been based on the October 11, 2002 application rather than the application dated May 8, 2003. Respondent Commissioner of New York State Department of

Health (Commissioner of DOH) rejected that argument and upheld DSS's determination. Petitioner then commenced this CPLR article 78 proceeding.

A retroactive authorization may be issued for medical care provided during the three-month period preceding the month of application for medical assistance if the applicant was eligible for medical assistance in the month such care was provided (*see* 18 NYCRR 360-6.2 [c]). Further, "[a]n authorization can never be issued for care or services provided prior to this three-month period" (*id.*).

Here, petitioner contends that the retroactive authorization period should be calculated from October 2002 based on the October 11, 2002 application because the uncompensated asset transfers, relied upon to deny that application, are to be disregarded and cannot be used to support that denial due to the return of the assets to decedent. The regulation relied upon by petitioner to support that contention, 18 NYCRR 360-4.4 (c) (2) (iii) (d) (1) (iii), provides that a transfer of assets will not render an individual ineligible for medical assistance, that is, it will not be presumed to have been made for the purpose of meeting Medicaid eligibility requirements, if "all assets transferred for less than fair market value have been returned to the individual." Petitioner does not dispute, however, that the October 2002 application was denied not only based on the asset transfers, but also for the failure to provide the documentation needed to determine decedent's eligibility. Decedent, therefore, was required to reapply for assistance, to include the required documentation, even if the October 2002 application had not been denied for uncompensated asset transfers. Because the May 8, 2003 application was the first application to include the required documentation, we conclude that decedent was not eligible for benefits sooner than February 2003, three months before the month that application was submitted (*see* 18 NYCRR 360-6.2 [c]).

Petitioner alternatively contends that the Commissioner of DOH should be equitably estopped from refusing to consider petitioner's challenge to the denial of the October 2002 application because decedent's failure to timely request a fair hearing on that denial was based on the advice given by the DSS employee to Bensman. Even if the advice of the employee was erroneous, as petitioner contends, the Commissioner of DOH is not estopped by it (*see generally Matter of Bailey v County of Yates*, 265 AD2d 934 [1999]; *Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763 [1993]). Moreover, we note that the result here would have been no different had

decedent timely requested a fair hearing on the denial of the October 2002 application because petitioner does not dispute the propriety of that denial insofar as it was based on the failure to provide required documentation. Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.