Matter of Sestito v DiNapoli (2018 NY Slip Op 03886)





Matter of Sestito v DiNapoli


2018 NY Slip Op 03886


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

525798

[*1]In the Matter of JOHN SESTITO, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Bartlett LLP, White Plains (Warren J. Roth of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a firefighter, was injured while exiting his vehicle after responding to an emergency call on November 23, 2010. He was injured again on May 22, 2011 while disembarking a fire truck. Petitioner thereafter applied for accidental disability retirement benefits and performance of duty disability retirement benefits for both incidents, and both applications were denied. Thereafter, with regard to the 2011 incident, the
New York State and Local Retirement System conceded that petitioner was permanently incapacitated and petitioner conceded that it was not an accident and, as a result, petitioner was granted performance of duty disability retirement benefits (see Retirement and Social Security § 363-c). Following a hearing addressed to whether the 2010 incident was an accident, respondent denied petitioner's application for accidental disability retirement benefits. This CPLR article 78 proceeding ensued.
We confirm. To qualify as an accident for purposes of accidental disability retirements benefits under Retirement and Social Security § 363, the event causing the incapacitating injury must be a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in [*2]impact" (Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018] [internal quotation marks and citations omitted]; see Matter of Kowal v DiNapoli, 30 NY3d 1124, 1125 [2018]). Consequently, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Kelly v DiNapoli, 30 NY3d at 681 [internal quotation marks and citation omitted]). Here, petitioner testified that his fire company received an alarm call to respond to a residence and, when he parked his vehicle at the curb and stepped out of the driver's side onto the uneven asphalt curb, he twisted his ankle. Importantly, petitioner was engaged in an activity undertaken in the performance of his ordinary employment duties, exiting his vehicle after responding to an emergency call, and there was no "precipitating accidental event which was not a risk of the work performed" that caused the injury, such as a loss of balance or a slip on a wet surface (id. at 682 [internal quotation marks and citation omitted]; compare Matter of Starnella v Bratton, 92 NY2d 838, 839 [1998]; Matter of Pratt v Regan, 68 NY2d 746, 747 [1986]; Matter of McCambridge v McGuire, 62 NY2d 563, 568 [1984]; Matter of Sammon v DiNapoli, 97 AD3d 952, 952-953 [2012]). To that end, a fall "as a result of one's own misstep, without more, is not so out-of-the-ordinary or unexpected as to constitute an accidental injury" (Matter of Starnella v Bratton, 92 NY2d at 839; see Matter of Kelly v DiNapoli, 30 NY3d at 683). As the incident was a risk inherent in petitioner's regular job duties, it was not unexpected (see Matter of Kelly v DiNapoli, 30 NY3d at 683). Given that substantial evidence supports the determination, it will not be disturbed (see id. at 684).[FN1]
McCarthy, J.P., Egan Jr., Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The Court of Appeals has ruled that certain factual scenarios are accidental "as a matter of law" (Matter of McCambridge v McGuire, 62 NY2d at 568, 569 n; accord Matter of Pratt v Regan, 68 NY2d at 747; see also Matter of Kelly v DiNapoli, 30 NY3d at 683). Notwithstanding those fact-specific rulings, our review in this CPLR article 78 proceeding is whether there is "substantial evidence" to support the administrative determination (CPLR 7803 [4]; see Matter of Kelly v DiNapoli, 30 NY3d at 684; Matter of Jason B. v Novello, 12 NY3d 107, 114 [2009]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]).