Matter of Trujillo v Shea (2024 NY Slip Op 01123)

Matter of Trujillo v Shea

2024 NY Slip Op 01123

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 151639/20 Appeal No. 1772 Case No. 2023-02463 

[*1]In the Matter of Bianca Trujillo, Petitioner-Appellant,
v
Dermot F. Shea et al., Defendants-Respondents.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered November 2, 2023, denying the petition to annul the determination of respondent the Board of Trustees of the New York City Police Pension Fund, Article II, dated October 15, 2023, which rejected petitioner's application for an accidental disability retirement (ADR) in favor of an ordinary disability retirement, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner, as the applicant for ADR benefits, has not met her burden of establishing that the disability was causally connected to a line-of-duty accident (Matter Doorley v Kelly, 106 AD3d 554, 554 [1st Dept 2013], lv denied 22 NY3d 858 [2014]). The denial of ADR by the Board of Trustees based on a tie vote, as here, can only be set aside on judicial review if the court concludes that the applicant is entitled to the increased benefits as a matter of law based on the record because "the disability was the natural and proximate result of a service-related accident" (id.). Not every line of duty injury will support an award of ADR, as "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Lichtenstein v Board of Trustees of the Police Pension Fund of the Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]). In Matter of Starnella v Bratton (92 NY2d 836, 839 [1998]), the Court of Appeals further clarified that an accident excludes mere "missteps" not caused by some outside factor. Thus, for ADR benefits to apply, there must be a precipitating accidental event, that is, a fortuitous, unexpected event (id.; see Matter of Sciabarassi v Safir, 298 AD2d 329 [1st Dept 2002]; Matter of Nicholas v Safir, 297 AD2d 220, 220 [1st Dept 2002], lv denied 99 NY2d 503 [2002]). Based on petitioner's testimony that she had worked in the subject intersection several times before without incident, that she had previously been made aware of the condition of the road by pedestrian complaints, and that on the day of her injury, she had been in the intersection at least 30 minutes before she took a misstep, it cannot be said that as a matter of law, petitioner's fall was an unexpected and unforeseeable accident (Matter of Lichtenstein, 57 NY2d at 1012).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024